TYRONE MASON et al., Plaintiffs-Appellants, v. FRANK B. SMITH et al., Defendants-Appellees.

(No. 55861;

First District—December 12, 1972.

Ray Jeffrey Cohen and Joseph L. Dombrowski, both of Chicago, for appellants.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

This appeal arises from a personal injury suit by the plaintiffs Tyrone Mason, Ronald Marbles and Frederick L. Mathews against the defendant Frank B. Smith. In their complaint, filed on September 25, 1969, plaintiffs alleged that on August 27, 1968, Smith negligently caused a vehicle he was driving to collide with one driven by Tyrone Mason with the other plaintiffs as passengers. Summons issued but the Sheriff made a return that Smith could not be found at the address given.

On September 14, 1970, plaintiffs filed an amended complaint in which they added as an additional party-defendant the owner of the vehicle Smith was driving, Avis Truck Rental, Inc., a corporation. Summons issued to be served on Smith and Avis. Avis answered the complaint. On November 30, the cause came to trial but Smith still had not been served with summons. Plaintiffs and Avis appeared. After hearing the case without a jury, the trial judge found Avis not guilty. Then, without the request of anyone, the trial judge ruled "* * * that all plaintiffs be and they are hereby dismissed for want of prosecution and with prejudice as to defendant Frank B. Smith [sic]." Counsel for plaintiffs objected. The objections were overruled and plaintiffs' suit against Smith was dismissed. The only possible reason for this ruling was plaintiffs' failure to serve Smith with summons.

Within 30 days, plaintiffs moved to vacate the order. Their motion was denied. The sole issue in this appeal is whether it was an abuse of judicial discretion for the trial court to dismiss for want of prosecution and with prejudice plaintiffs' suit against Frank B. Smith. We hold that the dismissal was an abuse of judicial discretion.

Dismissal of a suit for lack of diligence in obtaining service of summons on a defendant calls for the exercise of sound legal discretion by the trial court. (*Mosley v. Spears*, 126 Ill.App.2d 35, 261 N.E.2d 510.) In this case, plaintiffs caused the issuance of original and alias summons to be served on Frank B. Smith. Despite attempts to serve him, Smith could not be found. Plaintiffs amended their complaint and added Avis as a party-defendant. The record discloses that when the cause came to trial, plaintiffs' attorney moved for leave to submit interrogatories to Avis so as to ascertain, if possible, the address of Smith. Avis, through its counsel, resisted and the trial court sustained its objections. When plaintiffs moved to vacate the dismissal, they showed they had made inquiries of

the Secretary of State concerning Smith's last known address. The information furnished them was not useful.

It is our judgment that under these circumstances, plaintiffs were entitled to a reasonable opportunity to locate Smith and serve him with summons. Their suit against him should not have been dismissed; but this having been done, their motion to vacate should have been allowed. (See *Goldman v. City of Chicago,* 54 Ill.App.2d 437, 203 N.E.2d 703; *Felton v. Coyle,* 66 Ill.App.2d 4, 214 N.E.2d 359.) Therefore, the judgment is reversed and the cause is remanded with directions that plaintiffs' suit against Frank B. Smith be reinstated with a reasonable opportunity being afforded them to find and serve him with summons.

Reversed and remanded with directions.

STAMOS, P. J., and SCHWARTZ, J., concur.