C. J. Robertson, et al., d/b/a Southeastern Skate Supply Company, Plaintiffs-Appellants, v. Western Bearings Company, Defendant-Appellee.

Gen. No. 49,501.

First District, First Division.

June 29, 1964.

Rehearing denied July 17, 1964.

Stevenson, Conaghan, Hackbert, Rooks and Pitts, of Chicago (Paul Noland, of counsel), for appellants.

Anthony S. Ras, of River Forest, and Maurice H. Herman, of Chicago, for appellee.

MR. PRESIDING JUSTICE MURPHY delivered the opinion of the court.

This is an appeal from an order dismissing plaintiffs' action for breach of contract for want of prosecution. Plaintiffs contend that the trial court abused its discretion in refusing to vacate its dismissal order on motion timely made.

The essential facts are not in dispute. The complaint was filed on May 21, 1959. Defendant's answer and jury demand were filed on June 26, 1959. Pretrial conferences were subsequently held, and on June 20, 1963, the cause was placed on the "Hold Call." Thereafter, on November 14, 1963, the clerk

of the court, at the direction of the assignment judge, caused notice to be published in The Chicago Law Bulletin announcing that the instant case would be tried on November 29, 1963. The procedure followed in this regard was in conformity with the policy recommendation announced on January 25, 1963, in The Chicago Law Bulletin by the Supreme Court "Backlog Committee" relative to the "Hold Call," and which recommendation was approved by the Supreme Court. On November 29, 1963, the case was transferred to the trial call. "Plaintiffs' attorneys' docket clerk inadvertently failed to notice that the case was to be transferred to the trial call on that date and she consequently failed to advise the attorney handling the case and as a result, no response was made on plaintiffs' behalf when the case was called."

The court, on its own motion, on November 29, 1963, entered an order dismissing the cause for want of prosecution and notified plaintiffs' attorneys who, on December 10, 1963, presented a motion to vacate the order of dismissal and to reinstate the cause. The court denied this motion, and on December 16, 1963, plaintiffs' attorneys presented the same motion and, in addition, drew the court's attention to Wright v. Chicago Transit Authority, 43 Ill App2d 408, 193 NE 2d 597 (1963). The court again denied the motion, and plaintiffs appeal from the dismissal order and from the orders denying the motions to vacate said dismissal order.

The record contains the questioned orders. The following is the text of the order of November 29, 1963:

"This cause coming on to be heard upon the regular call of cases for trial; IT IS HEREBY ORDERED that the above entitled cause be and the same is hereby dismissed for want of prosecution."

175

The motion to vacate presented by plaintiffs' counsel on December 10, 1963, is set forth below. The same motion was again presented on December 16, 1963:

"Now come the plaintiffs, C. J. Robertson, et al., by their attorneys, Stevenson, Conaghan, Hackbert, Rooks and Pitts, and move this honorable Court to vacate the order entered November 29, 1963 dismissing the above entitled cause for want of prosecution by reason of the fact that our docket clerk inadvertently failed to notice that this case was to come off the hold call on that date and she failed to advise the attorney handling the case and as a result, no response was made on our behalf."

The orders entered on December 10 and December 16, 1963, are substantially similar, and that of December 16 is set forth below:

"This matter coming on upon the motion of plaintiffs to vacate the dismissal for want of prosecution order entered 11/29/63 and the Court being fully apprised in the premises, IT IS HEREBY ORDERED that the motion be denied, cause having been called for trial from the automatic hold call."

■ At the outset, we agree with plaintiffs "that the legislature has taken great pains to make it clear that substance must prevail over form by an enactment of many years standing" (Ill Rev Stats 1963, c 110, § 4), and the practice in this state has been liberal in setting aside defaults within term time, where it appears that justice will be promoted thereby. Mason v. McNamara, 57 Ill 274, 277 (1870).

In Dann v. Gumbiner, 29 Ill App2d 374, 173 NE2d 525 (1961), this court said (p 379):

176

"The object is that justice be done between the parties, and one party is not permitted to obtain and retain an unjust advantage. The result obtained from the application of these rules depends upon the facts to which they are applied. The motion is addressed to the sound legal discretion of the court, and it is only where there is an abuse of discretion that a reviewing court will interfere. . . . Courts in this state are liberal in setting aside defaults during the term time in which they are entered, when it appears justice will be promoted. . . . 'The power to set aside a default and permit a defendant to have his day in court is based upon substantial principles of right and wrong and is to be exercised for the prevention of injury and the furtherance of justice.' "

Plaintiffs rely principally on Wright v. Chicago Transit Authority, 43 Ill App2d 408, 193 NE2d 597, where a tort case which had been waiting for disposition for seven years was dismissed for want of prosecution, when plaintiff's attorneys failed to answer the trial call. Plaintiff presented his timely motion to vacate, which was denied, and he appealed. In reversing, and after noting that it was not necessary "to discuss the case at length as the defendant has failed to file a brief as required by Rule 7 of this court," this court said:

"Plaintiff presented his motion to vacate within 5 days after the dismissal. At the time of the dismissal the case had been awaiting disposition for 7 years. Under Sec 24a of the Limitations Act (Ill Rev Stats 1961, c 83), a plaintiff who has suffered an involuntary dismissal is given a year to file a new action without regard to whether the dismissal was due to negligence. See

177

46 of the Civil Practice Act permits joinder of a defendant, after the tolling of the Statute of Limitations where 'inadvertence' is present and the requirements of the section are met."

The opinion makes no further pronouncements, other than reversing the order denying the motion to vacate and remanding the cause with directions to allow the motion and to restore the cause to the trial calendar. We find nothing in that case that is determinative here.

We are not persuaded by plaintiffs' authorities that the instant situation presents an abuse of discretion for action by this court.

■ The authority of the trial court to dismiss a plaintiff's action because of his failure to prosecute is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the progress of trial calendars, and this power is of ancient origin. (Link v. Wabash R.R. Co., 370 US 626, 629 (1962).) In a well-reasoned opinion in the same case (Link v. Wabash R.R. Co., 291 F2d 542), Chief Judge Hastings said (p 546):

> "Courts may exercise their inherent powers and invoke dismissal as a sanction in situations involving disregard by parties of orders, rules or settings. . . . 'Every litigant has the duty to comply with the reasonable orders of the court and, if such compliance is not forthcoming, the court has the power to apply the penalty of dismissal.' "

In that case, plaintiff's action was dismissed for failure of plaintiff's counsel to appear in court for a pretrial conference scheduled for hearing on that date. The order of the trial court was affirmed at all levels.

■■ Pursuant to paragraph 48b of the Evidence Act (Ill Rev Stats 1963, c 51, ¶ 48b, § 2), this court will take judicial notice of the history of the "automatic hold call," referred to in the order of December 10, 1963. Under date of November 14, 1962, the Supreme Court of Illinois appointed the "Cook County Backlog Committee," composed of judges of the Circuit and Superior Courts of Cook County. The responsibility of the committee was to make recommendations, "with the approval of the Supreme Court, to judges of the circuit and superior courts of Cook County concerning calendar practices . . . ." Pursuant to the mandate of the Supreme Court, the committee completed its "Assignment Policy Recommendations," and after approval by the Supreme Court, both courts adopted the recommendations effective January 28, 1963.

The recommendations were designed to bring about an effective reduction of the "backlog" of jury cases pending in the Cook County courts and to keep a steady flow of jury trials to the trial judges and to develop a momentum of jury trial activity, so as to make available a jury trial to any ready litigant within a reasonable time after his lawsuit is at issue. "Assignment Policy Recommendations" which were adopted included the "Hold Call," the provisions of which were as follows:

> "All cases not assignable for immediate trial, because of engagement of counsel or other emergency, shall be placed on Hold Call.
>
> "Cases on this list can be, and some are expected to be, settled and dismissed.
>
> "Dismissal orders of cases on 'Hold Call' or 'Trial Call' will be entered only by Assignment Judge.
>
> "Trial attorneys, by agreement, may restore cases to Trial Call immediately.

179

"Any trial lawyer, after telephone notice to office of available opponent before 4:30 p. m., may, at 9:15 a. m., next day, request case be restored to Trial Call. If opponent resists, the conflict will be determined by the Assignment Judge.

"Cases restored to Trial Call at request of trial attorneys will have precedence of assignment, except as to any unassigned 'Alert Cases.'

"Cases on the Hold Call must be tried in the order of placement on the Hold Call, whenever possible, in the discretion of the Assignment Judge. If there is an available judge at any time, any ready Hold Call case may be assigned for trial.

"It is the duty of all lawyers with cases on the Hold Call to keep in touch with their opponents and to keep the Assignment Judge advised of unengaged status of all lawyers in each of their cases so held, to avoid deliberate delay by any attorney.

"After a case remains on the Hold Call for 90 days, it shall be automatically returned to the Trial Call above the Black Line, and no continuance because of engagement of counsel shall be allowed either side, except for good cause shown. No case may be transferred to Hold Call more than once."

Plaintiffs complain that they have "waited over four and one-half years for their day in court." This is unfortunate, and the "backlog" delay is a matter of much concern and distress to the bench and bar of Cook County. However, it is apparent that the instant case was placed on the "Hold Call" because either or both sides were not then ready for trial. At that time, both sides *were on notice* that the case would be *automatically returned to the trial call after*

180

*90 days, to be assigned out for immediate trial,* unless it had theretofore been removed from the "Hold Call" by action of either party. In addition to both sides being placed on notice, The Chicago Law Bulletin carried an announcement that the case was to be tried on November 29, and plaintiffs' attorneys' docket clerk "inadvertently failed to notice that the case was to be transferred to the trial call on that date." We note, also, that plaintiffs fail to indicate anywhere that they had taken any steps to be ready for trial on the day of automatic return to the trial call for assignment out for "immediate" trial.

We agree that "plaintiffs' single act of inadvertence" has caused them a rather "harsh penalty," the effect of which "is to require plaintiffs to begin this wait again." However, the action of the assignment judge in dismissing this case for want of prosecution obviously came about as a result of an attempt by our Supreme Court to make available a jury trial to any ready litigant within a reasonable time after his lawsuit is at issue.

We have concluded, after serious consideration, that the assignment judge did not abuse his discretion in denying the motions to vacate the order of November 29, 1963, which dismissed the instant cause for want of prosecution. Therefore, the orders of November 29, 1963, December 10 and December 16, 1963, are hereby affirmed.

Affirmed.

BURMAN and KLUCZYNSKI, JJ., concur.