Josephine Davies, Plaintiff-Appellant, v. Joe Infragnia and James Amoroso, d/b/a Miami Lounge and Herbert M. Schieler, d/b/a Fun Lounge, Defendants-Appellees.

Gen. No. 49,579.

First District, Fourth Division.

December 9, 1964.

Baskin and Server, of Chicago (Fred S. Posner, of counsel), for appellant.

Morton H. Meyer, of Chicago, for Herbert M. Schieler, d/b/a Fun Lounge, appellee, Brody and Gore, of Chicago (Arthur M. Gorov, of counsel), for Joe Infragnia and James Amoroso, d/b/a Miami Lounge, appellees.

MR. JUSTICE DRUCKER delivered the opinion of the court.

This is an appeal from orders dismissing the cause for want of prosecution and denying plaintiff's motions to vacate that order and reinstating the cause.

On June 10, 1963, the case was reached for trial. There is no record of what transpired on that date [1] but the case was placed on the "Hold Call." Procedures outlined in "Assignment Policy Recommendations" [2] were that a case placed on this call could be restored on notice by either attorney. If not restored within 90 days, the case is "automatically returned to the Trial Call above the Black Line, and no continuance because of engagement of counsel shall be allowed either side, except for good cause shown."

On November 12, 1963, after the expiration of more than 90 days, the case again reached the trial call and plaintiff filed an affidavit requesting that additional time be granted to locate Witness Brown and that the case be placed on the dormant calendar. The affidavit stated: [3]

> The above captioned case is an action under the Dram Shop Act. The allegedly intoxicated person, Richard Eugene Brown, whose testimony is indispensable to prove the issues of sale and consumption by the defendants, is, at the present time, a fugitive from justice and is being sought under a warrant charging him with "assault with intention to commit murder" by the Police Department of Cicero, Illinois.

[1] Plaintiff claims the court acted on his representation that Witness Brown could not be located; defendant asserts that the court acted because plaintiff's counsel was engaged in trial.

[2] These recommendations were approved by the Supreme Court and the Circuit and Superior Courts and are set out in Robertson v. Western Bearings Co., 50 Ill App2d 173, 179, 200 NE2d 48.

[3] Referring to Brown as "[t]he allegedly intoxicated person" is evidently erroneous as Mary Vance was charged in the complaint as being the intoxicated person who drove the car which collided with plaintiff's car. The pleadings make no mention of Brown.

■ Plaintiff argues that this affidavit complies with Rule 14 of the Supreme Court dealing with continuances and that the court's order of dismissal results in injustice. Defendant did not file any answer or motion to strike the affidavit but since it was directed primarily to the court for its action, we will consider the sufficiency of the affidavit.

Rule 14(1) (Ill Rev Stats 1963, c 110, § 101.14(1)) provides that:

> If either party applies for a continuance of a cause on account of the absence of material evidence, the motion shall be supported by the affidavit of the party so applying or his authorized agent, showing that due diligence has been used to obtain the evidence, or the want of time to obtain it, and *of what particular fact or facts the same consists,* and if the evidence consists of the testimony of a witness, his place of residence, or if his place of residence is not known, *showing that due diligence has been used to ascertain the same,* and that if further time is given the evidence can be procured. (Emphasis supplied.)

Plaintiff's affidavit lacks specificity as to what facts the witness would testify to. Therefore, the court could not ascertain whether the evidence was material [4] and the other party could not determine whether or not to admit the affidavit in evidence as proof of what the absent witness would testify to if present.[5]

---

[4] Because of the conflict between the affidavit and the complaint as to the identity of the alleged intoxicated person, nothing other than the affiant's conclusion indicates the materiality of the testimony of the missing witness.

[5] See Rule 14(2) (Ill Rev Stats 1963, c 110, § 101.14(2)) : "Should the court be satisfied that the evidence would not be material, or if the other party will admit the affidavit in evidence as proof

In addition, Rule 14(6) (Ill Rev Stats 1963, c 110, § 101.14(6)) provides that "No motion for the continuance of a cause made after the cause has been reached for trial shall be heard, unless a sufficient excuse is shown for the delay." The affidavit does not state when the affiant discovered the unavailability of the witness and therefore the court could not adjudge whether his activities in finding witness' whereabouts were diligent and whether his request for delay on the trial date offered a sufficient excuse.

Plaintiff does not argue that the judge abused his discretion. She urges that the dismissal results in an injustice and quotes from Lynch v. Illinois Hospital Services, Inc., 38 Ill App2d 470, 187 NE2d 330, in which the court vacated a default judgment: "We believe the overriding rule that should determine cases of *this character,* is whether or not justice is being done." (Emphasis supplied.)

Plaintiff then cites Krupinski v. Denison, 9 Ill App 2d 155, 132 NE2d 451, to show that the same principle applies to a case dismissed for want of prosecution. However, in that case plaintiffs' motion for a continuance showed that they were ready for trial on February 21st; that the Clerk of the Court advised plaintiffs on February 19th that the case would probably not be reached until February 23rd; that plaintiffs' witness was not available for the 23rd. The opinion states at page 159:

> The unfortunate and unavoidable circumstance necessitating the change in the trial date cannot be charged to lack of diligence on the part of the plaintiffs.

only of what the absent witness would testify to if present, the continuance shall be denied unless the court, for the furtherance of justice, shall deem a continuance necessary."

We think the affidavit of plaintiffs' attorney shows that under the existing circumstances due diligence was exercised to obtain the testimony of their physician whose testimony constituted evidence material to their cause.

· · · · · ·

While fully subscribing to the principle that trial courts should refuse to tolerate applications for continuances designed only to delay the administration of justice, we deem it equally important to observe that no litigant should be foreclosed of his right to a day in court merely because circumstances beyond his control impel his request for a continuance.

In the instant case plaintiff had from June to November to apprise the court of his inability to find a witness and then on the November 12th trial date did not particularize his efforts or the evidence to be adduced by that witness.

On November 29th plaintiff moved to vacate the order of dismissal. No petition was filed and the record does not contain any report of proceedings as to what transpired on the hearing of that petition. In her brief plaintiff does state that the court was apprised that counsel for plaintiff "was elsewhere engaged when the case had previously been reached for trial; that the witness had now been found and that she now stood ready to proceed to trial." However, it was the obligation of plaintiff to preserve and present the record in support of her point that counsel was engaged because under the "Hold Call" rule, plaintiff was not entitled to a continuance because of engagement of counsel on the automatic trial date, except for good cause shown.

We quote with approval from Parks v. City of Chicago, 50 Ill App2d 100, 199 NE2d 830 (Abst):

Litigants and their attorneys owe a duty to the court to be ready to proceed with trials in their cases when reached on the trial calendar. That is particularly true today with the great number of pending cases and because of the efforts being made, both by the assignment judge and the trial judges, to cut down the backlog of pending cases.

Every plaintiff probably feels that an involuntary dismissal does disservice to the goal of substantial justice. But we must consider "justice" in a broader context.

In Sipes v. McGhee, 316 Mich 614, 25 NW2d 638, 645 (reversed on other grounds, 334 US 1) the Supreme Court of Michigan quotes from an opinion by Mr. Justice Roberts of Texas in Duncan v. Magette, 25 Texas 245, 252–254:

> The act of moulding justice into a system of rules detracts from its capacity of abstract adaptation in each particular case; and the rules of law, when applied to each case, are most usually but an approximation to justice. Still, mankind have generally thought it better to have their rights determined by such a system of rules, than by the sense of abstract justice, as determined by any one man, or set of men, whose duty it may have been to adjudge them.

> Whoever undertakes to determine a case solely by his own notions of its abstract justice, breaks down the barriers by which rules of justice are erected into a system, and thereby annihilates law.

> . . . . . .

> To follow the dictates of justice, when in harmony with the law, must be a pleasure; but to follow

305

the rules of law, in their true spirit, to whatever consequences they may lead, is a duty.

Therefore, we conclude that in order to maintain a steady flow of cases into trial courts we must support the rules and regulations the purpose of which is expeditious assignment and disposition of the vast number of cases in our courts. Continuances and delays without good cause or sufficient excuse interrupt orderly procedures and throw the entire system out of balance to the detriment of other cases awaiting trial.

The order of dismissal and the order denying plaintiff's motion to vacate the dismissal are affirmed.

Affirmed.

ENGLISH, P. J. and McCORMICK, J., concur.