Joseph Schneider, Joan Schneider, Mary Ann Schneider, a Minor by Joseph Schneider, Her Father and Next Friend, and Joseph Schneider, Jr., a Minor by Joseph Schneider, His Father and Next Friend, Plaintiffs-Appellants, v. New York Building Corporation, Ken Shingu, d/b/a Ken's Lounge, Pasquale Manago, Virginia Manago, Richard Hackett, d/b/a Sunset Lounge, George Wilkinson, Ljubinko Markovich, Feodora Markovich, Joseph Abraham and Helene Rice, d/b/a Stratford Lounge, and G. Gardner, Defendants-Appellees.

Gen. No. 49,778.

First District, Second Division.

March 19, 1965.

Frank J. Mackey, Jr., of Chicago, for appellants.

McKinley and Price (Paul E. Price and Louis Dennen, of counsel), Brody and Gore, of Chicago, for Pasquale Manago, Virginia Manago and Richard Hackett d/b/a Sunset Lounge and New York Building Corporation, appellees.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

On September 7, 1957, plaintiffs filed their complaint to recover damages under the provisions of the Dram Shop Act. The defendants were served, filed answers and pretrial discovery was had on both sides. On February 19, 1964, the cause was dismissed for want of prosecution. On March 3, 1964, the court denied the petition of the plaintiffs, filed that day, to vacate the order of dismissal. On March 16, 1964, the court denied plaintiffs' petition, supported by an affidavit, that on reconsideration the order of dismissal be vacated. Plaintiffs appeal.

Plaintiffs maintain that the entry of the original dismissal order on February 19, 1964, was erroneous and that the refusal to vacate this order constitutes an abuse of discretion. Plaintiffs say that on November 19, 1963, the court placed the case on the dormant calendar, but that through inadvertence of the clerk it was placed on the hold call and called for trial on February 19, 1964. Plaintiffs' petition to reconsider the order denying them relief, stated that the failure to vacate the order dismissing the case would greatly prejudice plaintiffs; that it would be "virtually impossible" to re-serve all of the 11 defendants after an 8 year lapse of time; that the dismissal order was not the result of the negligence or lack of diligence of plaintiffs but was due to an error of the minute clerk in placing the case on the hold call instead of the dormant calendar. The motion to reconsider was supported by the affidavit of the law clerk of plaintiffs' attorney which stated that he was personally present on November 19, 1964, when the case was called for trial and that it was then placed on the dormant calendar and that he had no notice that it was placed on the hold call until he received the clerk's postcard notice of dismissal.

An affidavit filed by one of the attorneys for the defendants states that at the time the case was called on November 19, 1963, the court announced that the

case would be put on the hold call for February 19, 1964; that the Chicago Law Bulletin for a period of 3 weeks each publishing day prior to February 19, 1964, listed the cause and indicated that it would come off the call of the hold call cases on February 19, 1964; that on February 19, 1964, the case was called on the regular call in the hold call cases; that plaintiffs failed to appear; that the case was dismissed for want of prosecution and that on November 19, 1963, the Judge presiding in the assignment court (Honorable Harold G. Ward) "specifically announced, and all counsel fully understood that this case was placed on the hold call." The plaintiffs are not in a position to challenge the record which shows that on November 19, 1963, the case was placed on the hold call and that it came on in due course on the hold call on February 19, 1964, at which time it was dismissed for want of prosecution.

Plaintiffs' counsel knew or should have known that this case was subject to call for trial on February 19, 1964. Furthermore the Chicago Law Bulletin for a period of 3 weeks prior thereto listed the case and indicated that the case would come off the call of hold cases on February 19, 1964. We are of the opinion that the trial judge did not abuse his discretion in dismissing the cause and in refusing to vacate the order of dismissal. See Robertson v. Western Bearings Co., 50 Ill App2d 173, 200 NE2d 48; Davies v. Infragnia, 54 Ill App2d 299, 203 NE2d 725. The order of dismissal and the order refusing to vacate the dismissal are affirmed.

Orders affirmed.

BRYANT and LYONS, JJ., concur.