Leonard J. Deardorff, Administrator of the Estate of John A. Enders, Deceased, Plaintiff-Appellant, v. Decatur and Macon County Hospital Association, a Corporation, Engineering Service Corporation, an Illinois Corporation, T. A. Brinkoetter and Sons, Inc., a Delaware Corporation, General Controls Company, a Corporation of St. Louis, Missouri, and Illinois Power Company, an Illinois Corporation, Defendants-Appellees.

Gen. No. 11,046.

Fourth District.

August 12, 1969.

 

Earl S. Hodges, of Springfield (Samuel C. Patton, of counsel), for appellant.

Samuels, Miller, Schroeder, Jackson & Sly, and Greanias & Owen, of Decatur (Jerald E. Jackson and Marshall A. Susler, of counsel), Hershey & Bliss, of Taylorville (Charles Bliss, of counsel), for appellees.

SMITH, J.

Plaintiff appeals from an order denying his motion to vacate a judgment dismissing a suit for want of prosecution. The motion to vacate the judgment of dismissal was filed within 30 days of the dismissal order. The parties are in substantial agreement that involved in this appeal is the determination of whether or not the trial court abused his discretion and whether or not the plaintiff showed good cause for vacating the order of dismissal. He didn't, and the judgment of the trial court is affirmed.

On September 23, 1960, the plaintiff filed his suit against multiple defendants in a wrongful death action arising out of an explosion of a boiler in which plaintiff's intestate was killed and which occurred on September 25, 1958. Some aspects of this occurrence, not affecting the present plaintiff, were before this court on a previous occasion. Decatur and Macon County Hospital Ass'n v. Erie City Iron Works, 75 Ill App2d 144,

220 NE2d 590. Our judgment became final on denial of rehearing on October 24, 1966. In the meantime, the present suit was pending in the trial court. On March 19, 1964, plaintiff's attorney addressed a letter to the presiding trial judge in which he stated: "It so happens that the pleading will need to be rearranged and I ask for leave to file Amended Complaint. This is being prepared. . . . Please pass this motion setting. . . ." The trial court granted this request, but no amended complaint was ever offered or tendered and the plaintiff did nothing further in the suit until May 23, 1966, when the trial court dismissed the cause of action for want of prosecution. On June 11, 1966, plaintiff filed a motion to vacate the order of dismissal. This motion to vacate the order of dismissal was set by the trial court on his own motion in March of 1968, notice was given, the matter was argued on behalf of the plaintiff and the motion to vacate denied. Plaintiff then filed this appeal.

The parties are in substantial agreement that the trial court exercises its discretion in entering such an order under a power conferred by Ill Rev Stats 1967, c 110, § 50(5), wherein it is provided:

> "The court may in its discretion, before final order, judgment or decree, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order, judgment or decree upon any terms and conditions that shall be reasonable."

In Widucus v. Southwestern Elec. Cooperative, Inc., 26 Ill App2d 102, 167 NE2d 799, the court stated certain standards which the trial court should apply in ruling on a motion to vacate a default. At page 109 of the Illinois citation and page 803 of the Northeastern citation, the court after stating that a motion should be so

resolved as to do substantial justice between the parties with the idea in mind of carrying out the determination of cases upon their merits stated:

> "It seems to us that the overriding reason should be whether or not justice is being done. Justice will not be done if hurried defaults are allowed any more than if continuing delays are permitted. But justice might, at times, require a default or a delay. What is just and proper must be determined by the facts of each case, not by a hard and fast rule applicable to all situations regardless of the outcome."

In just a few short weeks will be the eleventh anniversary of the accident causing the injury in this case. Nine years will have elapsed since it made its first appearance in the trial court. In March of 1964, the case was not yet at issue and leave to file an amended complaint was granted. Two years went by and the case came up on the trial court call in May, 1966, in regular course and was dismissed for want of prosecution, and plaintiff notified. On June 11, 1966, the plaintiff filed his motion to vacate that order. Two years later, the court on its own motion set his motion to vacate for hearing and on argument denied it. We are not persuaded from the affidavit that the delay in this case was in any sense occasioned by either the defendants or by the court itself. We are not persuaded that the previous appeal by other parties occasioned or justified the delay. We would point out that the opinion of this court in the preceding case became final on October 24, 1966. Plaintiff concedes in his brief that that case was finally disposed of in April, 1967, after leave to appeal from this court's decision to the Supreme Court of Illinois was denied. Time moved on. No amended complaint was filed;

no action was taken by the plaintiff. More than a year thereafter, plaintiff's own motion to vacate the order of March, 1966, was still pending. Plaintiff asserts that he has a meritorious cause of action. We don't know nor can we pass upon a determination of that issue. Whether the plaintiff has a meritorious cause of action has never been passed on by the trial court. It has never been passed on by the trial court for the very cogent reason that the plaintiff indicated that he desired to file a new and amended complaint. This request was more than four years old before the plaintiff was finally dismissed. The action of the trial court in dismissing the suit is characterized in plaintiff's brief as having been summarily done. One dictionary, at least, describes summary action as "direct: unceremoniously fast," The American College Dictionary, Harper & Bros. Publishers, 1948. On the record now before us, we have some difficulty in so characterizing it.

 We are fully aware that the courts have displayed a great deal of liberality in refusing to permit procedural exactitudes to undermine or destroy basic concepts of fundamental fairness and justice. It was observed in Davies v. Infragnia, 54 Ill App2d 299, 305, 203 NE2d 725, 728, that "Every plaintiff probably feels that an involuntary dismissal does disservice to the goal of substantial justice. But we must consider 'justice' in a broader context." In that case they quote from Duncan v. Magette, 25 Tex 245, 253: "Whoever undertakes to determine a case solely by his own notions of its abstract justice, breaks down the barriers by which rules of justice are erected into a system, and thereby annihilates law." It would appear from this record that it is the procedural practice in the Macon County Circuit Court to regularly call for consideration cases which are two years old and have had no activity within that

period. The original motion for dismissal was precipitated by the implementation of this rule and the plaintiff's case dismissed for want of prosecution. The plaintiff then within ample time filed his motion to vacate and it is within the power of the court to grant such a motion in his sound discretion. Another two years went by without any display of interest on the part of the plaintiff in his lawsuit. Once again the trial court set plaintiff's motion to vacate for hearing and it was argued and denied. It is unquestionably true that the plaintiff has not been heard on the merits. It is unquestionably true that the plaintiff has displayed little interest in the prosecution of his lawsuit. It is urged that since there was no answer to the plaintiff's affidavit, all of the facts stated must be accepted as true. This we concede, but after having stated them, they show no reason for the plaintiff's inactivity. The same argument was made in Esczuk v. Chicago Transit Authority, 84 Ill App2d 247, 228 NE2d 553, and the Appellate Court there found that the plaintiff had not been notified of the pretrial conference or of the dismissal for want of prosecution and that the plaintiff immediately checked the court file when the case did not appear on the trial calendar in its normal chronological order and that the plaintiff had a good cause of action. The Appellate Court reversed the trial court for dismissing plaintiff's case for want of prosecution for failure to appear for pretrial conference. The Supreme Court reversed the Appellate Court and affirmed the trial court, Esczuk v. Chicago Transit Authority, 39 Ill2d 464, 469, 236 NE2d 719, 721, and stated: ". . . it is apparent that the dismissal resulted from the inadvertent failure of plaintiff to follow her case." The case just cited arose under § 72 of the Civil Practice Act, and not under the 30-day statute previously cited and that procedure is governed by equitable principles. In

our judgment, in weighing the discretion exercised by the trial court in this case, we deal with equitable principles. In Esczuk, if there was no error in dismissing the case for want of prosecution where substantially greater diligence was displayed than is shown in the record before us, we cannot say that the trial court abused his discretion in dismissing this cause for want of prosecution. Here a plaintiff either inadvertently overlooked or was too preoccupied with other matters to give it any attention. He was galvanized into action only when the trial court moved. The desirability of resolving lawsuits by a trial on the merits is not aided where either a plaintiff or a defendant, as the case may be, does not show reasonable diligence in bringing about that result. The right to a trial on the merits or to present a defense means the utilization by a party of that right within a reasonable time. The goal of a trial on the merits is not achieved by soporific inactivity. We cannot say in this record that the trial court abused his discretion in dismissing this suit and we, therefore, must affirm the judgment. It is so ordered.

Affirmed.

CRAVEN, Acting P. J. and MILLS, J., concur.