Orval L. Brantley, Administrator of the Estate of Larry Brantley, Deceased, Plaintiff-Appellant, v. The Delnor Hospital, Inc., a Corporation, and John L. Rogers and D. Giedraitis, Defendants-Appellees.

Gen. No. 69–129.

Second District.

March 5, 1970.

Arnold and Kadjan, of Chicago, for appellant.

Corrigan, Mackay, Quetsch and O'Reilly, of Wheaton, and Alschuler, Putnam, McWethy, Weiss and Weiler, of Aurora, for appellees.

MR. PRESIDING JUSTICE DAVIS delivered the opinion of the court.

At issue in this case is whether the trial court abused its discretion in denying two motions filed by the plaintiff seeking the vacation of the order of dismissal entered April 25, 1969.

The complaint was filed December 22, 1965. The defendant, The Delnor Hospital, Inc., filed a motion to strike the complaint on January 20, 1966, and the defendant, John L. Rogers, filed an answer thereto on January 21, 1966, which answer contained a motion to strike Count IV of the complaint and to strike parts of Count III. The defendant, D. Giedraitis, likewise filed an answer wherein he moved to strike Count V and to strike parts of Count III.

The record indicates that on February 9, 1966, the court disposed of the aforesaid motions, and The Delnor Hospital, Inc., was ruled to answer or otherwise plead on or before March 14, 1966. It filed an answer to the complaint on November 1, 1966.

On April 25, 1969, the trial court entered the following order:

> "A general call of the docket being held under Rule Four (4) of the Circuit Court for the 16th Judicial Circuit, Kane County, Illinois, pursuant to Order of Court, *and it appearing that all Attorneys of Record have received due notice of said call,* and the Court having heard statements of said attorneys in open Court and being fully advised as to the premises;
>
> "And the Court finding further that no just reason has been offered why the above captioned cause should not be dismissed from the general docket for lack of prosecution;
>
> "NOW THEREFORE, IT IS ORDERED AND ADJUDGED that the above captioned case be dismissed.
>
> "ENTER, this 25th day of April, A. D. 1969." (Emphasis ours.)

On May 7, 1969, the plaintiff filed a motion to vacate this order and recited therein that the case came on for hearing at a general call of the docket on April 25, at which time the attorneys for the plaintiff were on trial in the Circuit Court of Cook County; that the plaintiff has a meritorious cause of action; that the only reason the attorneys for the plaintiff did not answer the docket call was that they were then on trial in the Circuit Court of Cook County; and that the cause was dismissed for want of prosecution. This motion was denied on May 7, 1969.

Thereafter, on May 22, 1969, the plaintiff filed a further motion to vacate the order of dismissal, which contained the allegations of the prior motion and further stated:

> "That Administrative Rule 4 of this Court provides as follows:

188

"On the last Fridays in the months of April and October in each year of this Court there shall be a general call of the Docket, both law and chancery on which call all cases remaining thereon, in which positive action has not been taken and no attempt made for trial or final disposition of the same during one year next preceding such call, may be dismissed at the cost of the plaintiffs, *with leave to reinstate* on sufficient cause shown within 90 days.

"That Court Rule 6.1 provides inter alia as follows:

" 'In cases where a certificate of readiness has not been filed within one year after the filing of the complaint, the Court may order such case dismissed for want of prosecution with leave to reinstate by filing a certificate of readiness within thirty days or such other period as the Court may designate in its order.' "

A certificate of readiness was apparently filed by the plaintiff on May 22, 1969, along with its motion to vacate.

Upon appeal, the plaintiff contends that the trial court abused its discretion in refusing to vacate the order dismissing the complaint, and specifically notes that the motions were both filed within thirty days after the entry of the order. He also urges that he fully complied with the administrative rules of the Circuit Court of Kane County relative to the procedure to reinstate cases dismissed thereunder. The administrative court rules under consideration are heretofore set forth.

The defendants urge that the plaintiff's motions failed to state sufficient cause for the reinstatement of the case. These respective motions set forth that the reason the plaintiff's attorneys were unable to answer the court docket call on April 25th was that they were on trial in the Circuit Court of Cook County. The defendants contend, and we agree, that this statement ex-

189

plains why they did not attend the docket call, but it totally fails to assert any sufficient cause why they had done nothing in the prosecution of this cause during one year next preceding this call. The dismissal order was entered on a call of the inactive cases before the court, pursuant to Rule 4, and after due notice to all attorneys of record.

We believe that the trial court properly exercised its discretion in refusing to vacate the order of dismissal in that no sufficient cause was shown by the plaintiff for his failure to take any positive action in the cause during the year preceding the dismissal.

Rule 4 provides that the court "may" order dismissal with leave to reinstate. The authority to dismiss the action, with leave to reinstate for sufficient cause, was within the discretion of the court. If sufficient cause for reinstatement was not shown, the cause would be dismissed without leave to reinstate. Such was the circumstance in the case at bar. Casillas v. Rosengren, 86 Ill App2d 139, 143, 229 NE2d 141 (1967).

The plaintiff's motion which was filed May 22, 1969, recites that on May 20, 1969, the plaintiff filed a certificate of readiness in the cause; that by the filing of this certificate, he did everything possible to comply with the rules, and that under Rule 6.1 his motion should have been granted. However, the record is clear that the dismissal was pursuant to Rule 4, which permits reinstatement only upon a showing of sufficient cause. After dismissal pursuant to Rule 4, the plaintiff could not then proceed under Rule 6.1 without first obtaining a vacation of the order of dismissal by showing sufficient cause. This was not done.

No reason for the inaction which caused the dismissal of the case under Rule 4 was shown by the second motion to vacate, or by the certificate of readiness. The second motion offered no new or additional reasons

beyond those stated in the first motion for vacating the order of dismissal.

▮ Neither the facts in this case, nor the applicable law, indicate an abuse of discretion by the trial court. Administrative Rules, vesting authority in the trial court to dismiss actions because of the failure of the litigants to diligently proceed therein, are necessary in order to prevent undue delay in the disposition of pending cases, and to relieve court calendars of dormant litigation. The court's power in this respect is of ancient origin. Link v. Wabash R. Co., 370 US 626, 629, 8 L Ed 734, 737–739 incl. (1962).

In Robertson v. Western Bearings Co., 50 Ill App2d 173, 200 NE2d 48 (1964), at page 178, the court stated, in quoting from Link v. Wabash R. Co., 291 F2d 542 (7th Cir) (1962), at page 546:

> "Courts may exercise their inherent powers and invoke dismissal as a sanction in situations involving disregard by parties of orders, rules or settings. . . . 'Every litigant has the duty to comply with the reasonable orders of the court and, if such compliance is not forthcoming, the court has the power to apply the penalty of dismissal.' "

In Deardorff v. Decatur and Macon County Hospital Ass'n, 111 Ill App2d 384, 250 NE2d 313 (1969), at page 390, the court, under facts generally similar to those in the case at bar stated:

> "The desirability of resolving lawsuits by a trial on the merits is not aided where either a plaintiff or a defendant, as the case may be, does not show reasonable diligence in bringing about that result. The right to a trial on the merits or to present a defense means the utilization by a party of that right within a reasonable time. The goal of a trial on the merits is not achieved by soporific inactivity.

We cannot say in this record that the trial court abused his discretion in dismissing this suit and we, therefore, must affirm the judgment. It is so ordered."

In Davies v. Infragnia, 54 Ill App2d 299, 203 NE2d 725 (1964), at page 306, the court aptly stated:

"Therefore, we conclude that in order to maintain a steady flow of cases into trial courts we must support the rules and regulations the purpose of which is expeditious assignment and disposition of the vast number of cases in our courts. Continuances and delays without good cause or sufficient excuse interrupt orderly procedures and throw the entire system out of balance to the detriment of other cases awaiting trial.

"The order of dismissal and the order denying plaintiff's motion to vacate the dismissal are affirmed."

■ We prefer to decide cases on their merits, and seek to avoid determinations based on procedural or rule violations or omissions. However, flagrant and continued infringements of procedures and rules cannot be tolerated, and may justify our affirmance of the trial court's dismissal of the action for want of prosecution, without hearing the case on its merits.

■ We also note herein that the certificate of readiness was not included in either the praecipe for record or in the transcript of the record, which was filed in this court on August 1, 1969, but did appear at page 7 of the excerpts from the record. There is no authority for including the certificate in the excerpts in that it did not appear in the record. Consequently, the filing of the certificate of readiness should not be considered on this appeal. Supreme Court Rules 321, 323, 342(g). (Ill Rev Stats 1967, c 110A, pars 321, 323, 342(g).)

Under these circumstances, we are not required, on review, to consider the effect of filing a certificate of readiness or the application of Rule 6.1.

We further note that the record contained no report of proceedings at the trial, yet the excerpts, at pages 12 and 13, purport to set forth a conversation between the court, counsel for the plaintiff, and for a certain defendant, which ostensibly took place at the time of the May 7th hearing on the plaintiff's motion. This conversation, likewise, was improperly placed in the excerpts and cannot be considered on review. Miller v. Miller, 94 Ill App2d 138, 141, 142, 236 NE2d 321 (1968).

We take judicial notice of our own records in this case. It reflects six violations of the Supreme Court Rules in the processing of this appeal. Under the circumstances of this case, the plaintiff, who has cavalierly disregarded the administrative rules of the trial court and the procedural rules of the Supreme Court in connection with this appeal, cannot rightly complain that by the "onerous imposition of a rule of court on litigants the ends of justice are thwarted."

The order of the trial court is affirmed.

Order affirmed.

ABRAHAMSON and MORAN, JJ., concur.