BOBBY GRAY, a minor, by his mother and next friend, VELMA GRAY Plaintiff-Appellant, v. YELLOW CAB COMPANY, Defendant-Appellee.

(No. 54663;

First District—September 23, 1971, as modified on denial of rehearing.

Patrick E. Mahoney, of Chicago, for appellant.

Jesmer and Harris, of Chicago, (Julius Jesmer, Robert D. Jesmer and Richard C. Smilgoff, of counsel,) for appellee.

Mr. PRESIDING JUSTICE McNAMARA delivered the opinion of the court as modified on the denial of the petition for rehearing.

This is an appeal by plaintiff to reverse an order dismissing a complaint and denying a petition to vacate that order of dismissal. The issue is whether the court abused its discretion either in dismissing the cause of action or in refusing to vacate the order of dismissal which had been entered because of plaintiff's failure to answer certain supplemental interrogatories. There is no dispute as to the facts.

On July 19, 1964, Velma Gray, as mother and next friend of Bobby Gray, filed a complaint for injuries sustained by Bobby, then 6 years of age, when he was struck by a cab operated by an agent of defendant Yellow Cab Company. In August, 1964, defendant filed an appearance and answer, and thereafter in October, 1964, filed certain interrogatories. Plaintiff answered these interrogatories in December, 1964, and subsequently in 1967 filed amended answers to the above interrogatories. On July 24, 1969, defendant filed six supplemental interrogatories. Calling for such information as whether plaintiff had new witnesses or had received additional medical treatment since the filing of the previous

answers, these supplemental interrogatories are used to bring discovery up to date prior to trial. Under the rules, plaintiff's answers to the interrogatories were due within twenty-eight days, but they were not filed. On August 27, 1969, defendant moved to strike the complaint and dismiss the case for plaintiff's failure to answer the supplemental interrogatories, and the court entered an order requiring plaintiff to answer the interrogatories within ten days. Plaintiff did not do so.

On September 10, 1969, the case came onto the assignment call of cases subject to immediate assignment to trial. Representatives of both sides answered the call; plaintiff answered ready, while defendant advised the court that answers to the supplemental interrogatories had not been filed. The court held the case on the call until September 12, advising plaintiff to file the answers within two days. On September 12 the answers had not been filed, and the case was held until September 15. On that day plaintiff again answered ready for trial. When defendant advised the court that the answers to the supplemental interrogatories had not been filed, the court struck the complaint and dismissed the case with prejudice. On October 3, 1969, plaintiff without support of affidavit moved to vacate the order of dismissal. This motion was denied.

On October 15, 1969, plaintiff again moved to vacate the order of dismissal. The motion was supported by affidavits made by Velma Gray and by plaintiff's counsel. The affidavit of Velma Gray recited that she was plaintiff's mother and was caring for her nine minor children. Just before school resumed, she was contacted by her lawyer who requested that she come to the office to sign answers to supplemental interrogatories. Each time that she made an appointment to go to the office, one of the children became ill and she was unable to do so. Over the Labor Day weekend and during the week following, two of her children were home ill and it was necessary that she remain home. Finally, after numerous telephone calls from her attorney, she was able to go to his office to sign the answers on September 16. The sworn answers to the supplemental interrogatories were attached to her affidavit. These answers revealed no change in the status of the suit. There were no new witnesses and Bobby Gray had received no additional medical treatment since the filing of the previous answers to interrogatories.

The affidavit of plaintiff's counsel recited that the case had been referred to him for trial by an attorney who had entered government employ, and that he was a sole practitioner in the law. His secretary, who was without legal training, had answered ready for trial at the assignment call at his direction, but did not inform him that answers to interrogatories were due. The affidavit further recited that the assignment court rules were that motions would not be heard during the assignment call, but only

at the 11:00 A.M. motion call after notice, and that this had not been done. The affidavit also stated that the answers to the supplemental interrogatories contained no new information and defendant was in no way prejudiced in its defense. It further recited that he had tendered the answers at a previous date, but they had been refused by defense counsel. The affidavit finally recited that the minor plaintiff had a good and meritorious cause of action. Defendant did not file an answer to the verified petition.

■■ We agree with defendant that the court acted within its discretion in entering the order striking the complaint and dismissing the case on September 15, 1969. (Supreme Court Rule 219(c) (v); Ill. Rev. Stat. 1967 ch. 110A par. 218; See also *Robertson v. Western Bearing Co.* (1964), 50 Ill.App.2d 173, 200 N.E.2d 48.) Discovery rules must be obeyed, and one of the permitted sanctions for failure to comply with orders for discovery is dismissal of the cause of action. However under the facts and circumstances of this case, we believe that the court on October 15, 1969 abused its discretion in refusing to vacate the order dismissing the complaint. Admittedly, plaintiff acted with due diligence in seeking to vacate the order, filing a motion within 18 days and a verified petition within 30 days. These sworn pleadings plainly showed a reasonable excuse for plaintiff's failure to answer the supplemental interrogatories in time. The uncontradicted affidavits filed by plaintiff revealed that from the end of August, 1969, until September 16, 1969, Velma Gray was unable to sign the answers because of the illness of her children. The affidavits further disclosed that there had been no wilful refusal to comply with the order of the court. It should also be noted that the interrogatory answers attached to Velma Gray's affidavit revealed no new information concerning the lawsuit. Thus defendant was not prejudiced by the short delay in receiving the answers. As this court stated in *Booth v. Sutton* (1968), 100 Ill.App.2d 410, 241 N.E.2d 488, at p. 415-16: "The dismissal of a party's cause of action is drastic punishment and should not be invoked except in those cases where the actions of the party show a deliberate and contumacious disregard of the court's authority."

With the exception of one case, the cases cited by defendant in support of its contention that the court properly exercised its discretion in refusing to vacate its order of dismissal all involved Section 72 petitions wherein the reviewing courts found that petitioners had failed to exercise due diligence. In the case cited not involving a Section 72 petition, *Brantley v. Delnor Hospital, Inc.* (1970), 120 Ill.App.2d 185, 256 N.E.2d 369, this court found that refusal to vacate an order of dismissal entered at a general docket call after a year's unexcused inactivity by plaintiff

was not an abuse of discretion. Clearly the facts in that case are distinguishable from the instant case. Plaintiff here acted diligently, and set forth valid reasons for failure to answer the supplemental interrogatories.

The order of the Circuit Court is reversed, and the court is directed to allow plaintiff to file answers to supplemental interrogatories instanter, and further directed to place the cause on the trial call for immediate assignment.

Order reversed and cause remanded with directions.

DEMPSEY and McGLOON, JJ., concur.