EARL E. HENSLEY, Plaintiff-Appellant, *v.* HERBERT SHULER *et al.* d/b/a SHULER & MATHIS TRACTOR SERVICE, Defendants-Appellees.

(No. 71-108; ⬛⬛⬛⬛⬛⬛⬛)

Fifth District—March 24, 1972.

J. C. Shumaker, of Olney, for appellant.

Gosnell, Benecki & Quindry, of Lawrenceville, (Maurice E. Gosnell, of counsel,) for appellees.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

Plaintiff appeals from an order of the trial court of Richland County dismissing his suit for want of prosecution.

Plaintiff filed a suit for personal injuries on December 8, 1959. On November 6, 1969, the trial court granted defendants' motion to dismiss plaintiff's case with prejudice on the ground that he had failed to diligently prosecute his claim. On February 15, 1971, the trial court entered an order denying plaintiff's petition for reinstatement.

A review of the history of the action in chronological form leads us to the conclusion that the dismissal of this case was within the sound discretion of the trial court and that it did not abuse its discretion in so doing. Plaintiff's contention that defendants were in default on Count III (negligence) of his complaint which was filed with leave of court on December 20, 1967, in which plaintiff's allegations were on the same theory as his Count I (negligence) which was dismissed on motion in 1960, and on the same theory as his amended Count I (negligence) which was dismissed in 1966, is of no merit. Plaintiff neither sought a rule on defendants to answer, nor moved for default on Count III. The parties had been at issue on amended Count II (willful and wanton misconduct) since February 1, 1967, when a pretrial setting of the cause had been ordered. While we find no cases which could not be distinguished, the principles and tenor of *Deardorff v. Decatur and Macon County Hospital,*

111 Ill.App.2d 384, 250 N.E.2d 384, and *Elward v. Mancuso Chevrolet Inc.*, 122 Ill.App.2d 421, 259 N.E.2d 344, are considered applicable.

This record discloses a complete lack of activity on the part of plaintiff except when pressed by either defendants or by the court. We further find that no error of law appears and that an extended opinion in this case would have no precedential value.

We therefore affirm the judgment of the trial court.

Judgment affirmed.

G. MORAN, P. J., and JONES, J., concur.