Isaac I. Bender, Plaintiff-Appellant, *v.* Anna J. Schallerer, Deceased, Defendant—(Continental Illinois National Bank and Trust Company of Chicago, Exr. of the Estate of Anna J. Schallerer, Defendant-Appellee.)

(No. 56259;

First District—January 18, 1973.

Issac I. Bender, *pro se.*

Francis B. Libbe and John M. O'Connor, Jr., both of Kirkland & Ellis, of Chicago, for appellee.

Mr. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court:

Isaac Bender prosecutes this appeal from trial court orders which dismissed his complaint for want of prosecution and denied his motion to vacate the dismissal. He contends that the orders were an abuse of discretion and a denial of due process of law.

Bender, an attorney at law, filed, *pro se,* a suit against Anna Schallerer in February 1966 for attorney fees. Subsequently, Continental Illinois National Bank and Trust Company was substituted as the defendant. In January 1970 Bender moved for a pre-trial hearing and an early trial date because of his age and the age of his witnesses. The cause was advanced to May 19, 1970.

Prior to the trial date, Bender filed an affidavit stating that he intended to obtain an attorney and requesting either a continuance to the end of September or a settlement conference. Two pre-trial conferences, at which Bender represented himself, were held in October and November but no settlement was reached and the case was returned to the assignment judge. In January 1971 two attorneys filed appearances as additional counsel. Shortly thereafter, they asked leave to withdraw because they were advised by Bender that he no longer desired their services. On February 5, 1971, the court granted them permission to withdraw, gave Bender additional time to obtain counsel, and postponed the case to March 1, 1971. Finally, on April 15, 1971, when Bender again was not ready for trial the case was dismissed for want of prosecution.

■■■ Courts have the inherent power to dismiss lawsuits for want of

prosecution. (*Sanitary Dist. of Chicago v. Chapin* (1907), 226 Ill. 499, 80 N.E. 1017.) This power of ancient origin (*Link v. Wabash R.R. Co.* (1962), 370 U.S. 626), is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the progress of trial calendars. (*Robertson v. Western Bearings Co.* (1964), 50 Ill. App.2d 173, 200 N.E.2d 48.) Circumstances justifying the dismissal of an action are governed by the facts peculiar to each specific case. A determination of whether there has been a lack of diligent prosecution rests within the sound discretion of the trial court and that determination will not be disturbed upon appeal unless the reviewing court finds that the trial court abused its discretion. *Elward v. Mancuso Chevrolet, Inc.,* (1970), 122 Ill.App.2d 421, 259 N.E.2d 344.

■■ Many of the factual assertions in the plaintiff's *pro se* brief were not brought to the attention of the trial court. We will, therefore, consider only those that appear in the record. It is uncontradicted that the plaintiff was incapacitated by sickness and spent some time in hospitals and a nursing home. However, these mitigating factors occurred prior to his motion in January 1970 to advance the trial date. It can be assumed that he took into consideration his illness before he made the motion and that it was then his intention to continue to represent himself. Nevertheless, after the cause had been advanced and set for trial he sought a continuance for the reasons of prior illness, the lack of counsel, a doctor's appointment and his wish to attend a religious convention in June and a bar association convention in August. He assured the court he would retain an attorney and be ready for trial in September or October of 1970. But he did not secure counsel until eight months after he requested a postponement for that purpose and, through his own decision, the representation lasted less than a month. The court granted him additional time and reset the cause. Approximately 70 days later he was still not ready for trial and his complaint was dismissed. In our opinion, the court properly exercised its discretion in dismissing the case for want of prosecution.

■■ The plaintiff filed a timely motion to vacate the dismissal and again sought additional time to procure counsel. His verified motion repeated the details concerning his previous illnesses and hospital confinements and stated that: he was 79 years of age; he lost a briefcase containing "some papers" pertaining to the action; he could not secure counsel between the time his attorneys withdrew and the date of the dismissal; he had made arrangements to attend a convention in England and intended to stay in Europe until the end of September 1971.

The plaintiff did not present sufficient facts to compel the vacation of the prior order of the court. Once again he attested to his maladies

which had occurred before his 1970 motion for advancement. He repeated his previous inability to obtain legal representation and his future intention to do so; but in the light of his long delay and his not having retained an attorney by the time of his motion to vacate, his conduct could not be regarded as proceeding with due diligence to procure counsel. Indeed, he requested additional time not just to retain an attorney but to attend a convention and to vacation abroad. The one possibly meritorious contention in his affidavit was that he lost a briefcase containing "some papers" pertaining to the action; but, the affidavit was deficient in that it did not state what the papers were or how they were material to the case.

■■■ The desirability of resolving lawsuits by a trial on the merits is not aided where a plaintiff does not show reasonable diligence in bringing about that result. The right to a trial on the merits means the utilization of that right within a reasonable time. (*Deardorff v. Decatur and Macon County Hospital* (1969), 11 Ill.App.2d 384, 250 N.E.2d 313.) Litigants owe a duty to the court to be ready to proceed with trial when their cases are reached on the trial calendar. (*Parks v. City of Chicago* (1964), 50 Ill.App.2d 100, 199 N.E.2d 830.) In *Davies v. Infragnia* (1964), 54 Ill.App.2d 299, 203 N.E.2d 725, the court commented that every plaintiff probably feels that an involuntary dismissal does disservice to the goal of substantial justice, but a reviewing court must consider justice in a broader context. Justice to a plaintiff must take into account the effect of unnecessary delays upon the opposite party and the disservice to other litigants. It is an inescapable conclusion that the plaintiff requested the advancement of his lawsuit not for the purpose of trial but in the hope of securing some sort of settlement; he did not prosecute his suit with the diligence required of him and the trial court did not abuse its discretion in dismissing it for want of prosecution and in refusing to vacate the dismissal.

The orders of April 15, 1971, and May 17, 1971, are affirmed.

Affirmed.

McNAMARA and McGLOON, JJ., concur.