WILLIAM J. RYAN, Plaintiff-Appellant, *v.* MARVIN DIXON, Defendant-Appellee.

(No. 73-330; ▮▮▮▮▮▮▮▮▮

Second District (1st Division)—May 16, 1975.

Joseph A. Rosin, of Chicago, for appellant.

Hall, Meyer, Fisher, Holmberg, Snook & May, of Waukegan (James J. Herman, Jr., of counsel), for appellee.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

The plaintiff, William J. Ryan, appeals from the order which dismissed his personal injury complaint for want of prosecution after his failure to appear at a call of the jury trial calendar and from the order which denied his motion to vacate.

On October 18, 1968, plaintiff filed suit against the defendant seeking recovery for injuries allegedly sustained as a result of an automobile accident which occurred on November 27, 1967. The defendant answered and filed interrogatories on two occasions, which were not answered. Thereafter, plaintiff's attorney died and the firm of Thompson & Thompson filed an appearance for the plaintiff. The cause was continued numerous times and on September 21, 1971, interrogatories were again filed by the defendant and served upon the plaintiff. On November 23, 1971, on defendant's motion, the court ordered that plaintiff answer the interrogatories within 10 days, ordered the plaintiff to appear for a deposition and placed the case on the master trial calendar of the Lake County Circuit Court.

On December 14, 1971, Attorney Joseph Rosin, not then an attorney of record, contacted defendant's attorney, stating that he could not appear with the plaintiff for the deposition which had been set for December 15, 1971. By agreement the deposition was continued to December 22. On December 15, Mr. Rosin's office contacted defendant's attorney with the message that plaintiff would not be available for deposition on December 22. Pursuant to motion of the defendant, the plaintiff was again ordered to appear for a deposition after which he complied.

Joseph Rosin filed his appearance for the plaintiff on March 21, 1972, and was substituted for the firm of Thompson & Thompson.

At the preliminary trial call held in April of 1972 only the defendant responded, and the case was then set for the June 1972 jury trial calendar. In June the defendant appeared in court with his attorneys after the case had been assigned to a specific judge, presented evidence before a jury,

and the trial court directed a verdict in favor of the defendant and entered judgment. Less than 30 days thereafter the plaintiff filed a petition requesting that the judgment order of June 8, 1972, be vacated and that the matter be set for trial. Among other things the plaintiff alleged that without his knowledge and without notification of any kind the case had been assigned for trial on June 8. The judgment order of June 8 was vacated, and the case was again placed on the master jury trial calendar.

On January 9, 1973, the case was again called for trial. The defendant and his counsel appeared, presented evidence before a jury and, the plaintiff not being present, moved for a directed verdict. The court granted the motion and entered judgment on the verdict in the defendant's favor.

Again, the plaintiff filed his petition to vacate the second judgment alleging, *inter alia*, that the judge's bailiff had incorrectly informed him that the cause had been held over to June of 1973. The defendant responded to the petition and submitted an affidavit from the judge's bailiff who denied that he had ever told plaintiff's counsel that the case had been removed from the January trial call and reset to June. Nevertheless the judgment was vacated and set aside and the plaintiff was ordered to pay substantial costs. The case was then placed on the May 1973 trial call and set on the preliminary jury conference call for April 26, 1973. Neither plaintiff nor his counsel appeared on the April 26 date, and on the court's own motion the matter was dismissed for want of prosecution.

Upon receiving notification from the clerk of the court of the dismissal, plaintiff through his counsel, within 30 days of the date of the dismissal order, petitioned the court to vacate the order of dismissal. In support of his petition he filed affidavits of office personnel as well as that of counsel attesting to the fact that at no time did plaintiff's counsel receive notification of the April 26 preliminary call. Defendant answered and attached the affidavit of a deputy court clerk who stated that she had checked the files of cases appearing on the May jury trial call, determined the attorneys of record in each case and sent notice to each in accordance with the normal practice of the office. The affidavit disclosed that plaintiff's counsel, Joseph Rosin, had been given identification number 5591-500, that the computer print-out of attorneys who appeared as counsel on the May trial call included plaintiff's attorney and that notice of the preliminary conference was sent to him at the appropriate address and was not returned.

Plaintiff contends that the well-pleaded facts in his motion to vacate filed within 30 days of the dismissal order, together with his supporting affidavits must be taken as true, without reference to prior orders of dis-

missal, that the pleadings established plaintiff's failure to receive notice of the April 26, 1973, setting, and that the trial court erred therefore in dismissing the petition and in denying his motion to vacate the dismissal order. Defendant responds that the court has the power to enforce its calendar, that the entire conduct of the litigation is relevant to the question of the proper exercise of the court's discretion and that plaintiff's excuse for failing to appear is substantially insufficient in law.

■■■ The inherent power of Illinois courts to dismiss a law suit for want of prosecution is well established and is based on the necessity of preventing undue delays in the disposition of pending cases and in avoiding congestion in the progress of the trial calendars. (*Bender v. Schallerer* (1973), 9 Ill.App.3d 951, 952-53; *Elward v. Mancuso Chevrolet, Inc.* (1970), 122 Ill.App.2d 421, 426.) This power, however, must be exercised by giving more weight to basic concepts of fundamental fairness and justice than to procedural matters. (*Deardorff v. Decatur & Macon County Hospital Association* (1969), 111 Ill.App.2d 384, 388.) Whether substantial justice is being done between the litigants and whether it is reasonable under the circumstances to compel the other party to go to trial on the merits are stated as the overriding considerations. *People ex rel. Reid v. Adkins* (1971), 48 Ill.2d 402, 406.

Not every involuntary dismissal, however, can be said to do disservice to the goal of substantial justice. (*Deardorff v. Decatur & Macon County Hospital Association* (1969), 111 Ill.App.2d 384, 388.) Although it is clearly preferred that cases be decided upon their merits and that determinations based on procedural and rule violations or omissions be avoided, flagrant and continued infringements of procedures and rules cannot be tolerated. *Brantley v. Delnor Hospital, Inc.* (1970), 120 Ill. App.2d 185, 192.

In *Lange v. City of Chicago* (1973), 9 Ill.App.3d 1082, an order dismissing the case for failure of the attorney to appear when the case was originally called for trial was subsequently vacated. On the second trial date plaintiff and his attorney were again absent from court. Although there was an attorney, not of record, who presented himself for the purpose of seeking another continuance, the case was dismissed for want of prosecution, and the dismissal was upheld upon review as an exercise of the court's discretion. We conclude that the case before us presents even stronger circumstances justifying a similar exercise of the court's discretion.

The affidavit of plaintiff's present attorney that he did not receive notice of the pretrial conference to be held on April 26, 1973, which was for the purpose of establishing readiness of the case for the May jury call, with similar corroborating affidavits of persons connected with his

office, is not proof that a notice was not sent. (See *Esczuk v. Chicago Transit Authority* (1968), 39 Ill.2d 464, 469; *Fennema v. Vander Aa* (1969), 42 Ill.2d 309, 311.) The trial judge had before him countervailing affidavits from which he could have properly concluded, as he apparently did, that the notice of the pretrial conference was sent. While, as plaintiff argues, the issue before us must be made upon the present dismissal and not the past dismissals, a party cannot time after time contend in the same action that he received no notice and expect that the court will exercise its discretion in his favor in reaching a just result. Assuming that plaintiff's attorney did not actually receive proper notice on this occasion, the circumstance that the case had been dismissed and reinstated on two prior occasions after the same defense had been raised certainly must reflect on the agreement which he makes in this particular instance. This is especially true since as recent as January preceding the April dismissal, reinstatement was conditioned on the payment of substantial costs from which it could reasonably be inferred that the court felt a certain negligence in plaintiff's inattention to the case. In spite of the fact that plaintiff's attorney should necessarily have been put on inquiry as to a potentially serious problem regarding the proper receipt of notice in his office, he made no effort after the January dismissal to personally inquire as to when the case would be reached.

■■ Under all of the circumstances the trial judge was justified in concluding that the failure of the plaintiff through his attorney to attend the preliminary call preceding the May 1973 trial calendar was not merely inadvertent or excusable negligence but that it represented a continuing and complete absence of diligence in the prosecution of the law suit. We are mindful of the claimed merits of the case, and do not relax our concern that cases should be heard on the merits whenever possible. However, we find no appreciation of the importance of this litigation by the parties who were charged with the duty of paying attention to it. (See *Patrick v. Burgess-Norton Manufacturing Co.* (1975), 25 Ill.App.3d 1083.) We therefore affirm the orders from which this appeal has been taken.

Affirmed.

GUILD and HALLETT, JJ., concur.