CATHERINE BROWN *et al.*, Plaintiffs-Appellants, *v.* DROVERS NATIONAL BANK OF CHICAGO *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 76-9

Opinion filed November 1, 1977.

Max Earl Sherman, of Chicago, for appellants.

William J. Winger and James K. Toohey, both of Ross, Hardies, O'Keefe, Babcock & Parsons, of Chicago, for appellees.

Mr. JUSTICE STAMOS delivered the opinion of the court:

Plaintiffs, Catherine Brown *et al.*, appeal from an order of the circuit court of Cook County which denied plaintiffs' motion to vacate a prior order dismissing plaintiffs' complaint for want of prosecution. Plaintiffs' petition to vacate the dismissal was filed pursuant to section 50(5) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 50(5)).

The sole issue presented for review is whether the aforementioned petition is substantially insufficient at law.

On July 23, 1970, plaintiffs filed suit in the circuit court of Cook County seeking to recover damages for personal injuries and wrongful death resulting from an explosion which occurred in plaintiffs' apartment on July 25, 1968. Within a few days after the explosion, plaintiffs retained the legal services of Sol. I. Dvorkin of the firm of Dvorkin & Sherman to pursue any claims against responsible parties. Attorney Dvorkin engaged the services of an engineer who made an examination of the premises and rendered a report detailing his findings.

For reasons not apparent from the record, plaintiffs discharged Dvorkin on February 9, 1969, and employed attorney Meyer Grant in his stead. Dvorkin offered to provide plaintiffs and their new attorney with copies of the engineer's report which Dvorkin had commissioned in 1968. Dvorkin's offers were rejected. Subsequently, Grant "placed" plaintiffs' claim in the hands of attorney Martin J. McGuire who eventually filed the instant suit. McGuire was unaware of the existence of the 1968 engineer's report.

Following a number of pretrial delays occasioned by discovery procedures, the matter was set for trial on May 24, 1974, before the Honorable David A. Canel. On June 20, 1974, the case was called for trial. Plaintiffs were not ready to proceed and the trial court dismissed the cause for want of prosecution.

On that same date, plaintiffs filed a motion to vacate the dismissal order. The motion was entered and thereafter continued several times on plaintiffs' motion. On April 11, 1975, for reasons not apparent from the record, attorney McGuire withdrew as plaintiffs' attorney. In September of 1975, plaintiffs contacted their original attorney, Sol Dvorkin, and requested that he re-enter the case. On October 7, 1975, Dvorkin presented a petition praying that the motion to vacate the dismissal order be allowed, that answers to defendants' interrogatories be amended to reflect the fact that plaintiffs had possessed an expert's report for over seven years which had not been identified, and that the case be set for trial on a date certain. The trial court denied the petition and the motion to vacate the order of dismissal which had been entered over 15 months earlier.

■■ Pursuant to section 50(5) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 50(5)), it is no longer necessary that relief be sought on the precise grounds that there is a meritorious defense and a reasonable excuse for not having asserted such defense in a timely fashion. The overriding consideration now is whether or not substantial justice is being done between the litigants and whether it is reasonable, under the circumstances, to compel the other party to go to trial on the merits.

(*People ex rel. Reid v. Adkins* (1971), 48 Ill. 2d 402, 270 N.E.2d 841.) Nonetheless, the application of this rule rests upon the sound discretion of the trial judge and courts are becoming less liberal in setting aside judgments in the nature of a default which are entered at the trial stage. (*Nixon v. Harris* (1975), 31 Ill. App. 3d 204, 333 N.E.2d 667.) Although not necessary requisites, the showing of a meritorious defense or a good excuse are still factors which should be considered in determining whether the judgment should be vacated. (*Keafer v. McClelland* (1974), 23 Ill. App. 3d 1035, 321 N.E.2d 136.) The doing of substantial justice must recognize the rights of the opposing party and other litigants whose claims merit the attention of the court. *Nixon v. Harris; Deardorff v. Decatur & Macon County Hospital Association* (1969), 111 Ill. App. 2d 384, 250 N.E.2d 313.

■■ Plaintiffs offer no excuse for their failure to prosecute their action in a reasonably expeditious manner. No explanation is offered for their failure to be ready for trial on June 24, 1974, when the cause was dismissed. It is further noted that after the trial court took plaintiffs' motion to vacate under advisement, plaintiffs did not diligently prosecute their motion for a period of over 15 months.[1] It cannot be held, as a matter of law, that these extensive delays would not operate to the substantial prejudice of defendants in their ability to present a defense. Having authored their own fate, plaintiffs may not now be heard to complain that the trial court abused its discretion in refusing to vacate the order dismissing plaintiffs' claim for want of prosecution.

For the aforementioned reasons the order of the circuit court of Cook County is affirmed.

Affirmed.

DOWNING, P. J., and PUSATERI, J., concur.

---

[1] Rule 2.3 of the Circuit Court of Cook County provides that the burden of calling for hearing any motion previously filed is on the party making the motion. If any such motion is not called within 90 days from the date it is filed, the court may enter an order overruling or denying the motion by reason of the delay.