OTILLIA M. BALTZ, Plaintiff-Appellee, *v.* TIM McCORMACK *et al.,* Defendants-Appellants.

Fifth District   No. 77-555

Opinion filed October 24, 1978.

Jack A. Strellis, of Gomric and Strellis, of Belleville, for appellants.

Richard W. Sterling, of Belleville, for appellee.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

The plaintiff commenced this action on June 10, 1977, by filing her complaint in the circuit court of St. Clair County. The summons was filed on June 17, 1977, indicating that service was had upon the defendants on June 15, 1977, by leaving a copy of the summons and complaint with each individual defendant personally. On July 21, 1977, more than 30 days after service of the summons, default judgment was taken by the plaintiff against the defendants.

The defendants filed their first pleadings on August 19, 1977, an unverified "Motion to Vacate And Set Aside Judgment" signed only by

counsel. This motion was denied on September 21, 1977. Thereafter, the defendants brought this appeal.

There is but one issue presented to this court for review. The defendants contend that the court below erred in denying defendants' motion to vacate and set aside default judgment.

■■ Before we address ourselves to the issue presented, we feel compelled to note that a review of the record, albeit a scanty record, does give us some assistance. The motion which was denied states conclusions and does not state any facts to support those conclusions. Also, the motion does not allege that the damages awarded are either incorrect or excessive. Finally, the record does not indicate that the defendants objected or otherwise complained because of the lack of notice in the assessing of damages nor have they here so contended. That matter then shall not be considered by this court.

■■ As a basis for this appeal, the defendants rely upon section 50(5) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 50(5)), which stated that:

> "The court *may in its discretion,* * * * on motion filed within 30 days after entry thereof set aside any final order or judgment [or decree] upon any terms and conditions that shall be reasonable." (Emphasis added.)

We cannot disagree with the defendants' assertions about the law as concerns this statute. Indeed, it has been held that this statute is to be liberally construed. (*Engelke v. Moutell*, 20 Ill. App. 3d 253, 313 N.E.2d 613; *Hoffman v. Hoffman*, 37 Ill. App. 3d 415, 346 N.E.2d 114; *Czyzewski v. Gleeson*, 49 Ill. App. 3d 655, 365 N.E.2d 557.) The overriding consideration is whether the ends of justice will best be served. *People ex rel. Reid v. Adkins*, 48 Ill. 2d 402, 270 N.E.2d 841; *Hoffman v. Hoffman*; *Czyzewski v. Gleeson*; *Engelke v. Moutell*; *Columbus Savings & Loan Association v. Century Title Co.*, 45 Ill. App. 3d 550, 359 N.E.2d 1151; *Patrick v. Burgess-Norton Manufacturing Co.*, 63 Ill. 2d 524, 349 N.E.2d 52.

■■ Thus, the ultimate question becomes did the trial court properly exercise its discretion in an attempt to serve justice. We have been directed to *Mohr v. Wiggins*, 45 Ill. App. 3d 917, 920, 360 N.E.2d 421, 423, which states:

> "It is undisputed that section 50(5) (Ill. Rev. Stat. 1973, ch. 110, par. 50(5)) no longer mandates that affidavits be submitted in support of a motion to vacate an order of dismissal. The defendant, however, maintains that supporting affidavits should be submitted where good cause for the vacation is not shown as a matter of record and the order to be vacated was entered with

78

prejudice. We agree. It is stated in the Historical and Practice Notes to section 50(5) (Ill. Ann. Stat., ch. 110, par. 50(5), Historical and Practical Notes at 404 (Smith-Hurd 1968), that:

> 'The deletion of the requirements that a motion to vacate must be supported by affidavits showing good cause does not mean that good cause need not be shown. Quite the contrary. A bare motion to vacate, without more, is insufficient. Good cause must appear or be made to appear of record.' "

This is the situation in the present record. There is nothing therein to support the assertions in the motion to vacate that the defendants have a meritorious defense or that they did use due diligence, nor is there anything in the record to indicate an abuse of discretion. The plaintiffs are also entitled to have justice served. See *Brown v. Drovers National Bank*, 54 Ill. App. 3d 593, 370 N.E.2d 30.

We cannot find and do not find that the trial court either abused its discretion or that the ends of justice have not been served by the court's exercising its appropriate discretion.

The judgment is affirmed.

G. J. MORAN and KUNCE, JJ., concur.