NICOLA FRANCONE *et al.*, Plaintiffs and Counterdefendants-Appellants, *v.*
WEIGEL BROADCASTING CO., INC., d/b/a Channel 26, WCIU Television,
Defendant and Counterclaimant-Appellee.

First District (1st Division)    No. 79-451

Opinion filed December 28, 1979.

Nicholas F. Maniscalco, of Chicago, for appellants.

Bernard Weisberg, Jack B. Schmetterer, and David Sugar, all of Gottlieb and Schwartz, of Chicago, for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Nicola Francone and Francone Enterprises, Inc. (collectively referred to as plaintiffs), brought suit against Weigel Broadcasting Co., Inc. (Weigel), and other named defendants seeking injunctive relief and an accounting. Weigel filed a counterclaim against plaintiffs for breach of contract. At trial, without the presence of plaintiffs or their counsel, the court dismissed the only remaining count of the complaint against Weigel with prejudice and entered judgment for Weigel on the counterclaim. The trial court also denied Francone's subsequent motion to vacate judgment. Plaintiffs appeal.

We will first consider the jurisdiction of this court over the within appeal. Although this question was not raised by the parties, it is our duty to consider our own jurisdiction. This issue is *"always* open." (*Artoe v. Illinois Bell Telephone Co.* (1975), 26 Ill. App. 3d 483, 484, 325 N.E.2d 698, and cases there cited.) In the instant case the final judgment order was entered December 14, 1978. On January 12, 1979, within 30 days, Francone filed a motion to vacate the judgment. Francone Enterprises did not join in this motion. On January 16, 1979, plaintiffs filed a joint notice of appeal from the final judgment of December 14, 1978. This notice of appeal was timely filed as January 15, 1979, was a court holiday. See Ill. Rev. Stat. 1977, ch. 131, par. 1.11.

■■ ■ However, the filing of the notice of appeal by Francone, without obtaining a decision on his then pending motion to vacate the judgment,

constituted an abandonment by him of his motion to vacate the judgment. (See *Scott v. Scott* (1979), 72 Ill. App. 3d 117, 122, 389 N.E.2d 1271.) We conclude that we have jurisdiction over this appeal and that Francone has abandoned his post-trial motion to vacate the judgment.

In this court, plaintiffs contend they were denied "due process" when the trial judge allowed their attorney to withdraw from the case on the trial date and did not continue the case to allow them to substitute another attorney; the evidence does not support the entry of judgment jointly and severally against plaintiffs and does not support the amount of the judgment; and the trial judge committed reversible error by denying Francone's motion to vacate the judgment.

Francone Enterprises produces and broadcasts Italian radio and television programs. Francone is president of Francone Enterprises. Weigel operates a television station in Chicago. Plaintiffs filed a three-count complaint against Weigel on October 31, 1975. Eventually a fourth count was added and Weigel filed a counterclaim against plaintiffs. At the time the case was called for trial, the only remaining issues were those raised in count III of the complaint and the counterclaim.

We need not detail the tortuous litigation before discovery was completed. It is sufficient to say that the record discloses a complete lack of cooperation by Francone in obeying the orders of the trial court. Francone repeatedly violated orders of court involving answering of questions on discovery and production of documents. It is difficult to comprehend how and why plaintiffs, bringing a suit to enforce their alleged rights, should repeatedly procrastinate and put obstacles in the path of an orderly disposition by the trial court.

The case continued on its way until the designated trial date of December 14, 1978. Counsel for Weigel and the attorney of record for plaintiffs both appeared. Francone himself was absent in violation of a notice to produce which required him to appear. Counsel for plaintiffs told the court he was discharged by Francone "some 20 minutes ago." The trial court insisted that the cause proceed. A recess was declared and counsel telephoned Francone. The latter said he would appear with a letter dismissing his attorney. The session resumed and Francone appeared. He handed a letter to his attorney and turned to leave. The trial judge insisted that Francone remain but Francone stated he had no time and left the courtroom. The envelope from Francone contained a letter stating that he was retaining new counsel. The trial court gave present counsel leave to withdraw and then proceeded to trial.

The trial court dismissed with prejudice count III of the complaint in which Francone was the only plaintiff. The trial court heard evidence on the counterclaim and entered judgment in favor of Weigel against

plaintiffs for $3741. We will consider the contentions of plaintiffs in order.

### I.

We find no constitutional issue here. "The discretionary denial of a continuance, even if it is erroneous, is not a violation of due process of law." (*Moore v. McDaniel* (1977), 48 Ill. App. 3d 152, 164, 362 N.E.2d 382, *appeal denied* (1977), 66 Ill. 2d 631, citing *Benton v. Marr* (1936), 364 Ill. 628, 5 N.E.2d 466.) The issue here is whether the trial judge abused his discretion in dismissing count III of the complaint with prejudice.

In situations of this type it has been held that "[t]he dismissal of a cause with prejudice is a drastic sanction and should be employed only as a last resort, when the uncooperative party shows 'a deliberate, contumacious or unwarranted disregard of the court's authority' [citations]." *Department of Transportation v. Zabel* (1975), 29 Ill. App. 3d 407, 410, 330 N.E.2d 878.

■ Reviewing the entire record, it is our considered opinion that the trial judge was well within the bounds of reasonable discretion in imposing the sanction which he did. This order was authorized under Supreme Court Rule 219(c). (Ill. Rev. Stat. 1977, ch. 110A, par. 219(c).) We find here repeated violations of the orders of the trial court, a complete flouting of judicial authority and a general attitude of disrespect and complete indifference to the orders of the trial court. The record is replete with instances in which the trial court found it necessary to protest against conduct by Francone which the court described as "a plethora of machinations * * * designed for the purpose of harassing the defendants * * * not motivated by a scintilla of good faith on the plaintiffs' part." In our opinion, the trial court acted properly in imposing the sanction of dismissal against these flagrant infringements of the rules of proper procedure. See *Ryan v. Dixon* (1975), 28 Ill. App. 3d 463, 466, 328 N.E.2d 672.

### II.

■ Plaintiffs urge the trial court erred in refusing to grant them time to obtain new counsel. In our opinion, the trial court acted properly in not requiring plaintiffs' former counsel to continue to represent them. Since Francone had specifically discharged the attorney, this action by the trial judge would have violated Francone's right to discharge his attorney at any time with or without cause. See *Savich v. Savich* (1957), 12 Ill. 2d 454, 457-58, 147 N.E.2d 85.

■ In addition, there was no duty upon the trial court to continue the previously set trial. Francone did not request a continuance for the

purpose of obtaining new counsel but abruptly left the courtroom. The trial judge would not have abused his discretion in denying a continuance even if it had been requested. A continuance at that point, after the cause had been reached for trial, was not required "unless a sufficient excuse is shown for the delay." (Ill. Rev. Stat. 1977, ch. 110A, par. 231(f).) Once a case has been reached for trial, a continuance need not be granted without "grave reasons". (*Needy v. Sparks* (1977), 51 Ill. App. 3d 350, 358, 366 N.E.2d 327, *appeal denied* (1977), 66 Ill. 2d 639.) In the case before us there was neither grave reason nor any excuse for further delay. The trial judge acted with reasonable discretion in proceeding to hear the issues on the Weigel counterclaim.

## III.

■■ Plaintiffs claim the evidence does not support the judgment against them on the counterclaim. In this court they urge that the contract between the parties which was the subject of the counterclaim was not entered into by Francone in his personal capacity but was solely a corporate obligation. This purported defense was never raised by plaintiffs prior to the filing of their brief in this court. The answer filed by plaintiffs to Weigel's counterclaim contained merely a general denial of liability. Since this issue was "not presented to or considered by the trial court [it] cannot be raised for the first time on review." (*Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 147, 324 N.E.2d 417.) We will add parenthetically that Francone pleaded specifically in his complaint that both he and Francone Enterprises had entered into the contract with Weigel.

On the merits of the indebtedness, no defense is raised by plaintiffs concerning $594 involved in the counterclaim. As regards the amount of $1677, plaintiffs argue that this portion of the debt was reversed by agreement with Weigel. Weigel's comptroller testified that the Weigel ledger indicates $1677 as having been written off solely as a bad debt. There is no evidence in the record of any release or modification of this indebtedness by the parties.

The remaining item of $1470 is a charge for three television broadcasts which were the subject of an agreement between the parties. The record shows testimony by Francone that he himself refused to produce the three broadcasts for which time had been specifically reserved by Weigel. As explained by the Weigel comptroller, this amount was also written off as a bad debt, but the liability incurred by plaintiffs in this regard was never released or modified. Thus, the record shows that the amount of $3741, being the total of these items, was actually due and owing from plaintiffs to Weigel.

■■ We cannot say that the amount allowed by the trial court as damages on the counterclaim was manifestly against the weight of the evidence. *Greene v. City of Chicago* (1978), 73 Ill. 2d 100, 110, 382 N.E.2d 1205.

## IV.

Plaintiffs finally urge the trial court erred in denying Francone's motion to vacate the final judgment which had been entered December 14, 1978. Although Francone has abandoned this motion, as above shown, we will consider it to insure substantial justice between these parties. This motion, made within 30 days after judgment, was predicated upon section 50(5) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 50(5)) which states:

> "The court may in its discretion, before final order or judgment, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable."

■■ In passing upon a motion of this type, it is not necessary for this court to determine whether the trial court abused its discretion in denying relief. (*Patrick v. Burgess-Norton Manufacturing Co.* (1976), 63 Ill. 2d 524, 531-32, 349 N.E.2d 52.) In this regard, the primary consideration "is whether or not substantial justice is being done between the litigants and whether it is reasonable, under the circumstances, to compel the other party to go to trial on the merits." (*People ex rel. Reid v. Adkins* (1971), 48 Ill. 2d 402, 406, 270 N.E.2d 841.) However, meritorious defense and due diligence are factors in determining the issue of substantial justice. *Hoffman v. Hoffman* (1976), 37 Ill. App. 3d 415, 417, 346 N.E.2d 114.

■■ In our opinion, it would be completely unreasonable to require Weigel, a diligent party, to go back and try the case once more on its merits against a party who was guilty of constant attempts to delay the proceeding, to harass Weigel and to impose upon the trial court. Having been the architect of his own predicament, Francone should not now be heard to complain that he was not granted substantial justice. We see no just reason to vacate the judgment and we approve denial of the motion by the trial judge.

For these reasons the judgment appealed from is affirmed.

Judgment affirmed.

McGLOON and CAMPBELL, JJ., concur.