JOSIP PLANTARIC, Plaintiff-Appellee, *v.* ROBERT M. MICHAELS, Defendant-Appellant.

First District (4th Division)  No. 80-1924

Opinion filed July 9, 1981.

Parrillo, Bresler, Weiss & Moss, of Chicago (Clifford M. Panek, of counsel), for appellant.

No brief filed for appellee.

Mr. JUSTICE LINN delivered the opinion of the court:

Defendant, Robert M. Michaels, appeals from an order of the circuit court of Cook County denying his motion under section 50(5) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 50(5)) to vacate a default judgment in the amount of $1,043.66, entered against him in a personal injury action. Defendant contends the trial court's refusal to vacate the default judgment was an abuse of discretion.

■■ Although plaintiff has not filed an appellee's brief, we may consider the appeal on the merits. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, 345 N.E.2d 493.

On February 1, 1979, plaintiff brought this negligence action seeking $2,500 in damages allegedly incurred as a result of an accident between plaintiff's vehicle and defendant's vehicle on December 23, 1978. On April 22, 1980, a return of service was filed showing defendant was served personally with a copy of the complaint on April 16, 1980. On April 24, 1980, when defendant failed to appear, a prove-up was set for May 28, 1980, and on that date default judgment for plaintiff was entered in the amount of $1,043.66 plus interest and costs. The following day, May 29, 1980, defendant filed a written motion to vacate any defaults entered. On June 6, 1980, this motion was denied because the defendant was not in court. On June 12, 1980, defendant filed another motion to vacate which was denied on June 20, 1980.

On June 25, 1980, defendant presented a third motion to vacate the default. This motion, which was unverified, set forth that the first notice of that judgment was received by defendant's attorneys on May 29, 1980, via a mailgram sent by plaintiff's attorney; that defendant's previously filed motion to vacate was stricken from the call on June 6, 1980, when

defendant's counsel momentarily stepped out of the courtroom; that defendant's motion to vacate filed June 20, 1980, was denied by the court for failure to comply with rules of the circuit court; that defendant's motions to vacate demonstrated diligence and that defendant had a meritorious defense in that plaintiff was driving at a high rate of speed, thereby causing the accident which was the subject of the lawsuit.

At a hearing on June 25, 1980, at which no evidence was taken, plaintiff's counsel argued that justice and good conscience and fairness between the parties should cause the court to refuse to vacate the default judgment. Plaintiff recounted that attempts to serve defendant were made on February 28, 1979, and August 3, 1979; that a special process server finally served defendant on April 16, 1980, with summons which required an appearance by April 24, 1980; and that on April 28, 1980, he called the defendant's insurer, Safeway Insurance Company. Counsel also wrote the insurer a letter on April 29, 1980, enclosing copies of all the items of property damage, and asking the insurance company to forward copies of this to the defendant's counsel. Plaintiff's counsel asserted that on May 28, 1980, he sent a mailgram to the defendant and to Safeway Insurance Company concerning the default. Plaintiff maintained that the first motion to vacate was stricken because it was defective and that no attorney appeared for the defendant at that time. Plaintiff's counsel pointed out that defendant's motion to vacate was not verified; that there was no showing of due diligence; and that the claim that plaintiff was speeding was contradicted by a copy of a police report showing defendant making a left-hand turn. Defendant's counsel stated that notice given on May 28, was subsequent to the default judgment; that defendant had moved promptly to vacate the default; and that the motion on June 6, 1980, was stricken when counsel stepped out across the hall. The court, in denying the motion to vacate, stated:

"THE COURT: * * * [T]o your client, to the court, to opposing counsel, you owe that degree of diligence which would bring you into court; would permit you to represent your client; permit you to be in court to try the case rather than to allow it to be heard as an ex parte matter. It would appear throughout the course of these proceedings that you have failed to do so commencing with correspondence, phone calls, mailgrams, prior to the entry of the judgment in due course, and subsequent to the judgment. You were not in court when the matter was up notwithstanding you might have been elsewhere in the building; and again on June 20 when the judge at that point and time denied your motion and then again today when the matter is still not before the court because the clerk of the court or the clerk's office never received notice that

the motion was pending. Now, that it seems to me, indicates a total lack of diligence."

■■ The standard governing the trial court's discretion when it considers a motion under section 50(5) of the Civil Practice Act was set forth by the Illinois Supreme Court in *People ex rel. Reid v. Adkins* (1971), 48 Ill. 2d 402, 270 N.E.2d 841, in which the court said that it is no longer necessary that relief be sought on the precise ground that there is a meritorious defense and a reasonable excuse for not having timely asserted such a defense, and specified the overriding consideration to be "whether or not substantial justice is being done between the litigants and whether it is reasonable, under the circumstances to compel the other party to go to trial on the merits." This standard was reaffirmed in *Patrick v. Burgess-Norton Manufacturing Co.* (1976), 63 Ill. 2d 524, 349 N.E.2d 52, in which the supreme court said the appellate court could reverse even without finding that the trial court abused its discretion since the issue was whether or not substantial justice was being done between the litigants.

■■ The existence of a meritorious defense and due diligence, however, have been described as "factors" in determining the issue of substantial justice. (*Francone v. Weigel Broadcasting Co.* (1979), 79 Ill. App. 3d 991, 996, 398 N.E.2d 1114.) Under the circumstances, we think the trial court's conclusion that defendant did not exercise due diligence is correct. Although the motion to vacate asserted the existence of a meritorious defense, the motion was not verified and was signed by defense counsel rather than defendant. Under the circumstances, we do not believe that the trial court acted improperly in refusing to vacate the order. (Compare *Francone v. Weigel Broadcasting Co.* (1979), 79 Ill. App. 3d 991, 996, 398 N.E.2d 1114; *Dorsey v. Dorsey* (1980), 86 Ill. App. 3d 1043, 408 N.E.2d 502.) Although the courts are liberal in setting aside defaults under section 50(5), relief is not automatic. The trial court did not deny defendant substantial justice in refusing to set aside this judgment.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

ROMITI, P. J., and JOHNSON, J., concur.