NICK HAREAS, Plaintiff-Appellee, v. BILL G. KYRIAKOPOULOS et al., Defendants-Appellants.

First District (5th Division)    No. 80-2424

Opinion filed August 14, 1981.—Rehearing denied November 19, 1981.

Axelrood, Axelrood & Axelrood, of Chicago (Seymour C. Axelrood and Paul Ben Axelrood, of counsel), for appellants.

Fisch, Lansky & Greenberg, of Chicago, for appellee.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Plaintiff (lessor) brought an action for forcible entry and detainer of commercial property pursuant to "An Act in regard to forcible entry and detainer" (Ill. Rev. Stat. 1979, ch. 57, par. 1 *et seq.*) against defendants (lessees) for nonpayment of rent. Following a bench trial the court entered judgment for possession in favor of the plaintiff. The execution was stayed pending defendants' appeal of the trial court's order.

The issues presented for review are: (1) whether the trial court erred in finding that plaintiff was entitled to possession; and (2) whether the alleged equitable defense asserted by defendants was applicable. The following facts are undisputed.

Defendants have owned and operated a restaurant business located at 48 North Wells Street, Chicago, since April 26, 1968, which they have occupied pursuant to a written lease. The lease waives notice and will expire December 31, 1982. Defendants testified that over the last 2½ years they have made approximately $17,000 in improvements to the property.

Plaintiff purchased the building in 1978. At trial, he testified that he did not receive the August rent check on August 1, 1980; that when he had not received it by August 7, he instructed his lawyer to file an action seeking possession of the premises. A complaint was filed on August 7, 1980. No answer nor counterclaim of defendants is included in the record.

Plaintiff further testified that on August 12 he received a check in the mail from the defendants but that the check was dated August 30, 1980. Plaintiff identified an envelope postmarked August 12 as that in which the check arrived.

Tom Kyriakopoulos, called by defendants, identified the check as the one he sent but denied that the envelope bearing the August 12 postmark was the one in which the check was sent. He claimed the writing on the envelope was not his. He further testified that he made out a check for the

August rent on July 30, 1980, in the amount of $1000 inadvertently dating the check 8/30/80, rather than 7/30/80. He testified that he mailed the check on July 30, 1980, properly addressed and stamped to the plaintiff at plaintiff's address, 80 East Randolph Street, Chicago. Kyriakopoulos testified that he discovered the error four or five days later but did not mail plaintiff another check.

Kyriakopoulos produced his checkbook from his restaurant. Upon inspection of the check register the court noted for the record that the check in question, No. 587, was preceded by No. 586, a voided check also made out to plaintiff, and check No. 585, which bore the date July 28.

The court concluded that the check register belied that Kyriakopoulos made a mistake in postdating the check but rather did so intentionally. The check register was never entered into evidence and thus is not part of the record.

The court then found for plaintiff after considering all of the testimony and evidence presented.

OPINION

Both defendants and plaintiff agree that intent is not an element mentioned in the forcible entry and detainer act and therefore need not be proved to establish such an action. Defendants assert, however, that since the court considered intent when ruling it should also have "implied" that defendants' payment was not intentionally late but was the result of a mistake. Plaintiff counters that if intent is an unnecessary element to be proved, mistake is an irrelevant defense. Further, that even if relevant the court found that the postdating of the check in question was not a mistake, but an intentional act.

The purpose of the forcible entry and detainer act is to provide a "summary statutory proceeding to adjudicate rights to possession * * * unhampered and unimpeded by questions of title and other collateral matters not directly connected with the question of possession." (*Bleck v. Cosgrove* (1961), 32 Ill. App. 2d 267, 177 N.E.2d 647.) Furthermore, in those cases where the right to possession is asserted solely by reason of nonpayment of rent, whether rent is due and owing is the crucial and decisive issue for determination. *Jack Spring, Inc. v. Little* (1972), 50 Ill. 2d 351, 280 N.E.2d 208.

■■ In the instant case plaintiff asserted his right to possession by reason of defendants' failure to pay the rent due August 1 in accordance with the terms of the lease. Although the evidence was contradicted as to when the August check was received, in that Tom Kyriakopoulos denied that the envelope postmarked August 12 received by plaintiff bore his handwriting, there was no dispute that the check received by plaintiff was postdated August 30, 1980. Therefore, the check was not payable until

that date. (Ill. Rev. Stat. 1979, ch. 26, par. 3—114(2).) Clearly, the receipt of a check which is not payable until August 30, 1980, could not be considered timely payment of a rental due August 1, 1980. Therefore, the "crucial decisive issue"—whether rent is due and owing—can in the instant case be only answered in the affirmative. The question of intent is beyond the scope of inquiry under the facts of this case and therefore need not be considered. Accordingly, plaintiff's right to possession was established.

However, defendants assert as an equitable defense that it would be a gross injustice to force them to cease operation of their business "due to no fault on their part" considering the 12 years they have been in operation and the substantial material improvements at great financial cost they have made to the leased premises.

A defendant may under a general denial of the allegation of the complaint give into evidence any matter in defense of an action. However, no matter not germane to the purpose of the proceeding shall be introduced by way of joinder, counterclaim or otherwise. (Ill. Rev. Stat. 1979, ch. 57, par. 5.) Thus, equitable defenses germane to the purpose of the proceeding may be raised. (*Jack Spring, Inc. v. Little* (1972), 50 Ill. 2d 351, 280 N.E.2d 208; *Rosewood Corp. v. Fisher* (1970), 46 Ill. 2d 249, 263 N.E.2d 833.) The Illinois Supreme Court has stated that " '[g]ermane' has been judicially defined as meaning 'closely allied,' and is further defined [citation] as meaning: 'closely related; closely connected; relevant; pertinent; appropriate.' " 46 Ill. 2d 249, 256, 263 N.E.2d 833, 838.

In the instant case whether rent was due and owing is the crucial and decisive issue. The length of time defendants have operated their business is not germane to a resolution of the issue. The funds defendants expended in improving the leased premises might be germane if the rental payment due and owing plaintiff was to be satisfied by such expenditure. However, defendants did not assert this allegation by way of answer, counterclaim or in any other manner. Therefore, the mere expenditure of these funds in and of itself is not "closely allied," "relevant" or "pertinent" to the issue of whether the August rental was due and owing plaintiff. Accordingly, such expenditure was not a germane equitable defense to plaintiff's action. See *Joppa High School District No. 21 v. Jones* (1976), 35 Ill. App. 3d 323, 341 N.E.2d 419.

For the reasons cited herein, the judgment of the trial court is affirmed.

Affirmed.

SULLIVAN, P. J., and WILSON, J., concur.