GLORIA SIKORSKI, Petitioner-Appellee, *v.* BRUNO SIKORSKI, Respondent-Appellant.

First District (4th Division)   No. 83—453

Opinion filed September 27, 1984.

Paul R. Jenen, of Wheeling, for appellant.

Kaufman, Litwin & Zurla, of Chicago (Stuart Litwin, of counsel), for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Respondent, Bruno Sikorski, appeals a decision of the trial court requiring him to pay attorney fees in the amount of $21,667.50. He raises the following issues for review: (1) whether the trial court had

jurisdiction to award petitioner fees for work performed by her counsel prior to the commencement of her 1979 action; (2) whether the trial court abused its discretion in awarding petitioner's counsel $21,667.50 in attorney fees; and (3) whether the trial court erred in denying his amended motion to vacate.

We reverse and remand.

On January 10, 1979, Gloria Sikorski filed a petition for dissolution of marriage from respondent. On March 6, 1981, a judgment for dissolution was entered. All issues were resolved except for the payment of fees for petitioner's attorney and for a sequestrator. Martin Tuchow, her attorney, filed a petition for attorney fees pursuant to section 508 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 508), asking a total amount of $38,556.25. The case was set for hearing on November 19, 1981, but it was continued until January 1982. There is a dispute as to whether the date was January 12 or January 15, 1982.

On January 12, 1982, a hearing was held on Tuchow's petition for fees. Respondent was not present. Tuchow testified that a divorce petition was filed on behalf of his client in 1977. He proceeded with the case even though it had been dismissed, because he received no such notice. In 1979, when Tuchow learned of the dismissal, he filed another divorce petition.

Tuchow presented to the court an exhibit purporting to be a loan application made by respondent to a savings and loan association. On the application, respondent reported that his gross monthly income was $2,900. Tuchow stated that respondent had an airplane and a van and traveled frequently. Tuchow testified that Mrs. Sikorski's monthly income was $720 and that she was the sole support of her children. Tuchow's hourly rate was $125 for office time and $150 for court time. The number of office hours totaled 145 and the number of court hours totaled 115 in the case.

Tuchow also testified that respondent paid three of his seven attorneys a total of $14,500 in fees. According to Tuchow, respondent told his ex-wife that his tactic would be to fire his lawyer, then select a new one to prolong the proceedings. Tuchow defended about 29 petitions in the case.

The trial judge stated that it was "clear" that respondent had sufficient resources to pay his ex-wife's attorney fees and that he was responsible for the "incredible" number of court appearances. The court approved 123½ hours of office time at an hourly rate of $110, and 61 hours of court time at a rate of $132.50. The judge stated that he could not award fees for the 1977 case, which was dis-

missed, but that he knew from his personal experience that work on the earlier case "significantly reduced the amount of court time that otherwise would have been involved in a '79 proceeding." The court allowed a higher hourly rate than the appellate court might approve because the 1977 and 1979 cases were related and "it would be absolutely unfair *** to permit Mr. Sikorski to get away with murder as far as the reasonable procedure of a case through the court system [is concerned]."

On February 17, 1982, respondent made a "motion to vacate any order, if any entered on or about January 15, 1982." At a hearing on October 28, 1982, Charles Fleck, formerly the presiding judge of the domestic relations division of the circuit court, testified that he heard motions on the Sikorski case for three years. Fleck brought his trial book for January 1982. The Sikorski case was scheduled for a hearing on fees at 2 p.m. on January 12, 1982. Respondent did not appear. According to Fleck's book, January 15, 1982, was a holiday, the birthday of Martin Luther King, Jr. Tuchow also testified that at the November hearing the case was set for a January 12 hearing on his petition for fees.

Respondent testified that at the November hearing he was not represented by an attorney, and that he was told that the next court date would be January 15, 1982. He told his friend, Ann Jordan, who accompanied him to court, that the next date was January 15. On that date, he and Jordan came to the building, but it was closed. Jordan corroborated respondent's testimony. Respondent stated that he never received written notice of the January hearing date. Respondent was given leave to file an amended motion to vacate, but at a February 15, 1983, hearing, the amended motion to vacate was denied. Respondent appeals.

The threshold issue in this case is whether the trial court improperly denied respondent's amended petition to vacate the order requiring him to pay petitioner's attorney fees. The applicable law is stated in sections 2—1203 and 2—1301 of the Code of Civil Procedure. Section 2—1203(a) provides as follows:

"In all cases tried without a jury, any party may, within 30 days after the entry of the judgment or within any further time the court may allow within the 30 days or any extensions thereof, file a motion for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief." (Ill. Rev. Stat. 1981, ch. 110, par. 2—1203(a).)

Section 2—1301(e) provides as follows:

"The court may in its discretion, before final order or judg-

ment, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable." Ill. Rev. Stat. 1981, ch. 110, par. 2—1301(e).

The standard governing the trial court's consideration of a motion to vacate a default is whether or not substantial justice is being done between the litigants and whether it is reasonable under the circumstances to compel the other party to go to trial on the merits. (*Patrick v. Burgess-Norton Manufacturing Co.* (1976), 63 Ill. 2d 524, 527, 349 N.E.2d 52, 56.) The existence of a meritorious defense and due diligence are factors in determining substantial justice. Courts are liberal in setting aside defaults, but relief is not automatic. *Plantaric v. Michaels* (1981), 98 Ill. App. 3d 154, 157, 424 N.E.2d 64, 66.

In our opinion, the trial court abused its discretion in refusing to vacate the order for attorney fees. Respondent testified that he thought the next court date was January 15 rather than January 12, and that he came to the court building on January 15. No written notice or memorandum of the proper date appears in the record. Respondent filed a motion to vacate when he learned of the default. At the hearing on January 12, 1982, Tuchow was the sole witness, and his testimony with respect to the financial status of the parties and respondent's motivation was hearsay. We do not believe that substantial justice occurred between the parties. It is not unreasonable to compel petitioner to have a hearing on the merits of who should pay her attorney fees.

Accordingly, the judgment of the circuit court is reversed and the cause is remanded for hearing.

Reversed and remanded.

JIGANTI and ROMITI, JJ., concur.