WAYNE MATTER, Public Administrator, Administrator for the Estate of Charles E. Hanser, Deceased, *et al.*, Plaintiffs-Appellees, v. EVELYN LARSON QUESNELL *et al.*, Defendants-Appellants.

Third District   No. 3—84—0673

Opinion filed May 14, 1985.

Daniel L. Bonnett, of Marquis, Bonnett & Skorepa, of Rock Island, for appellants.

Roy H. Glockhoff, of Glockhoff & Haytcher, and Duane Thompson, of Laird, Chickris & Brooks, P.C., both of East Moline, for appellees.

PRESIDING JUSTICE HEIPLE delivered the opinion of the court:

The trial court entered default judgment for the plaintiffs, Wayne Matter *et al.* The defendants, Evelyn Larson Quesnell and Richard G. Furs, appeal from the court's denial of both their motion to vacate the default judgment and their motion for reconsideration of denial of the motion to vacate. We affirm.

The trial court entered a default judgment on all four counts of the plaintiffs' complaint based on tortious conversion and fraud. Within 30 days of the default order, the defendants filed under sec-

tion 2—1301(e) of the Code of Civil Procedure (the Code) (Ill. Rev. Stat. 1983, ch. 110, par. 2—1301(e)) to vacate the default. The defendants' motion alleged lack of notice and a meritorious defense. The court heard and denied the defendants' motion, finding that the defendants had been served but had not answered or appeared.

Within 30 days of the court's denial of the motion to vacate, all of the following occurred: the defendants filed a motion to reconsider the denial of vacation; the court heard and denied the motion to reconsider; and the defendants filed the instant notice of appeal.

On appeal, the defendants argue that the court should have considered, but did not consider, each of the instant motions as a motion under section 2—1301(e). The defendants assert that they were not served and had no notice. They also assert both that they acted diligently in response to learning of entry of the default and that they have several specific defenses to the plaintiffs' claims. According to the defendants, given their presentation of those assertions to the trial court, the court erred in refusing to vacate the default.

The plaintiffs argue that the court properly ruled on the motion to vacate under section 2—1301(e). The plaintiffs then dispute the defendants' characterization of the motion to reconsider. The plaintiffs argue that the court should have considered, and did consider, that motion as made under section 2—1401 of the Code (Ill. Rev. Stat. 1983, ch. 110, par. 2—1401). According to the plaintiffs, as the motion to reconsider was filed more than 30 days after entry of the default, the court properly denied the motion under the stricter standards applicable to section 2—1401 motions. Lastly, the plaintiffs assert that the court's denial of the motion to reconsider was proper even under the comparatively liberal standard of section 2—1301(e).

We note initially that in denying the motion to reconsider, the trial court judge gave no indication of the standards under which he considered the motion. We then make the preliminary finding that if the plaintiffs correctly characterize the motion for reconsideration as a motion under section 2—1401, the trial court's denial of that motion under the standards of section 2—1401 clearly was correct. The motion, amongst other possible failings, does not make the allegation of due diligence required for relief. *Schmidt v. Siegal Trading Co.* (1979), 72 Ill. App. 3d 611, 391 N.E.2d 32.

For purposes of our remaining analysis, however, we will not characterize the motion for reconsideration as a motion under section 2—1401. That motion did not have the features of a new action to vacate. Rather, it related to and expanded on allegations of the existing section 2—1301(e) motion to vacate. The motion was directed to the

trial court's 30 days of retained jurisdiction over its denial of the motion to vacate. (Ill. Rev. Stat. 1983, ch. 110, par. 2—1203; *Weilmuenster v. H. H. Hall Construction Co.* (1979), 72 Ill. App. 3d 101, 390 N.E.2d 579.) As such, it may be properly considered under the standards of section 2—1301(e).

In deciding a section 2—1301(e) (formerly codified as Ill. Rev. Stat. 1979, ch. 110, par. 50(5)) motion to vacate a default judgment, it is the current trend for reviewing courts to determine whether substantial justice is being done between the parties and whether it is reasonable under the circumstances to compel the nonmoving party to go to trial on the merits. (*Teitelbaum v. Reliable Welding Co.* (1982), 106 Ill. App. 3d 651, 435 N.E.2d 852.) On review, however, we need not refer to the imprecise substantial-justice standard where it is apparent from the record that the moving party has not acted with due diligence or shown the existence of a meritorious defense.

■ Under the circumstances, we do not believe the trial court acted improperly in refusing to vacate the default. Here, the plaintiffs made energetic efforts to defeat the defendants' apparent attempts to elude service. The trial court's conclusion that the defendants were properly served but failed to appear is supported by the record. Furthermore, the defendants' motion to vacate, and accompanying argument, included only unspecific and unsupported allegations of meritorious defense. (Compare *Baltz v. McCormack* (1978), 66 Ill. App. 3d 76, 383 N.E.2d 643.) While the motion to reconsider did make specific allegations of the defendants' meritorious defense, the defendants' delayed presentation of those specifics was unjustifiable, and showed a lack of the defendants' due diligence. Compare *Plantaric v. Michaels* (1981), 98 Ill. App. 3d 154, 424 N.E.2d 64.

Although the courts are liberal in setting aside defaults, relief is not automatic. (*Plantaric v. Michaels* (1981), 98 Ill. App. 3d 154, 424 N.E.2d 64.) The trial court did not abuse its discretion in refusing to set aside the default judgment.

Accordingly, the judgment of the circuit court of Mercer County is affirmed.

Affirmed.

BARRY and WOMBACHER, JJ., concur.