THE HAVANA NATIONAL BANK, Guardian of the Estate of Nina J. Windsor, a Disabled Adult, *et al.*, Plaintiffs-Appellees, v. SATORIUS-CURRY, INC., Defendant-Appellant.

Fourth District   No. 4—87—0709

Opinion filed March 30, 1988.

Nolan Lipsky, of Petersburg, for appellant.

Don P. Boggs, of Boggs, Knuppel & Krebaum, P.C., of Havana, for appellees.

JUSTICE McCULLOUGH delivered the opinion of the court:

On May 28, 1987, the plaintiffs, the Havana National Bank, guardian of the estate of Nina J. Windsor, and L. B. Windsor, brought suit in forcible entry and detainer against the defendant, Satorius-Curry, Inc., for possession and unpaid rent. On June 10, 1987, the court entered judgment in favor of plaintiffs for possession, unpaid rent, and costs of the suit. The defendant never filed an answer and failed to appear. On July 9, 1987, the defendant filed a motion to vacate the court's judgment. (Ill. Rev. Stat. 1985, ch. 110, par. 2–1301(e).) The defendant appeals denial of this motion.

On appeal, the defendant claims: first, that the court's refusal to set aside the default judgment constitutes an abuse of discretion, and second, that he asserted a meritorious defense to the complaint.

We affirm.

On May 1, 1964, the plaintiffs and the defendant's predecessor entered into a ground lease for a term of 25 years. The defendant came into possession by assignment of the lease in June of 1975. The lease provided for an annual rental rate of $600 per year, payable in advance, on the first of May each year. The defendant-lessee had the option to renew the lease upon the same terms and conditions at the expiration. The defendant additionally had the burden to discharge all taxes and other assessments upon the leased premises.

The lease specifically stipulated that if rent was not paid within 10 days after becoming due, the lessor had the right to reenter. At the end of the leasehold, lessee was to yield up the premises in the original condition. In the event of the failure or refusal to remove any improvements, the lessor reserved the right to do so with indemnification by lessee.

At the time of the assignment to the defendant, there was a building on the leased premises. The defendant paid consideration in the amount of $50,000 for the building. Subsequent to the assignment, the defendant constructed an addition to the building, incurring costs of approximately $87,000.

The plaintiffs initiated suit in response to the defendant's failure to pay rent for 1986 and nonpayment of real estate taxes for 1985 and 1986. Upon the defendant's failure to respond or appear, the court entered judgment on behalf of the plaintiffs. At the hearing on defendant's motion to vacate the court's judgment, Dale Satorius, president of the defendant corporation, testified as to his understanding of the terms of the lease. Satorius admitted nonpayment of the amounts alleged and made no claim whatsoever that the amount of the judgment or the judgment itself were in error. Satorius further

did not contest the issue of notice, admitting that he was fully apprised of the hearing date. He claimed that he did not appear in court because he did not have the money to pay the plaintiffs. Satorius stated that he paid the judgment on June 26, 1987, with his own personal funds. Satorius also stated that rent for 1987 was not yet paid.

The defendant claimed entitlement to possession of the premises for the remainder of the leasehold due to the substantial amounts expended in the erection of buildings on the premises. The defendant argues that payment of the judgment cures any default and thereby allows for continued possession of the leased premises.

Plaintiff, meanwhile, presented evidence that negotiations to relet the premises were pending at the time of the hearing. The plaintiff stated that the only factor prohibiting execution of the new lease was the continued litigation. Plaintiff finally stated that should the new lease come into effect, the plaintiff's estate would realize a substantial increase in income.

In denying the defendant's motion, the court found "the defendant has not come forth with due diligence, and the argument of meritorious defense after the fact is without merit." The court concluded that refusal to grant defendant's motion would not result in a denial of substantial justice between the parties.

■ Under section 2—1301(e) of the Code of Civil Procedure, a court:

> "[M]ay in its discretion, before final order or judgment, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable." (Ill. Rev. Stat. 1985, ch. 110, par. 2—1301(e).)

The court's discretion is properly invoked where based upon principles of right and wrong and where exercised for the prevention of injury and the furtherance of justice. (*Widicus v. Southwestern Electric Cooperative, Inc.* (1960), 26 Ill. App. 2d 102, 167 N.E.2d 799.) A reviewing authority will only interfere where such discretion was clearly abused. (*Widicus,* 26 Ill. App. 2d 102, 167 N.E.2d 799.) Moreover, case law indicates that courts are becoming less liberal in setting aside default judgments entered at the trial stage. *Brown v. Drovers National Bank* (1977), 54 Ill. App. 3d 593, 370 N.E.2d 30.

In ruling on a section 2—1301(e) motion to vacate, the overriding concern is whether or not substantial justice is being done between the litigants, and specifically whether it is reasonable under the circumstances to compel the nonmovant to proceed to trial on the merits. (*People ex rel. Reid v. Adkins* (1971), 48 Ill. 2d 402, 270 N.E.2d

841; *Meeker v. Gray* (1986), 142 Ill. App. 3d 717, 492 N.E.2d 508; *Matter v. Quesnell* (1985), 133 Ill. App. 3d 388, 478 N.E.2d 880; *Dalton v. Blanford* (1978), 67 Ill. App. 3d 91, 383 N.E.2d 806.) Factors relevant to the determination of whether substantial justice is being done include: whether the movant acted with due diligence; the existence of a meritorious defense; the severity of penalty as a result of default; and the attendant hardship on the nonmovant to proceed to a trial on the merits. *Dalton*, 67 Ill. App. 3d at 100, 383 N.E.2d at 812-13; see also *Matter*, 133 Ill. App. 3d 388, 478 N.E.2d 880; *Widicus*, 26 Ill. App. 2d 102, 167 N.E.2d 799.

■ The defendant herein admitted to receiving appropriate notice and having knowledge of the proceedings. The only excuse offered for nonappearance was insufficient funds to satisfy the outstanding debt. As properly noted by the trial court, the defendant's allegations of a defense, after the fact, are without merit. The defendant was fully aware of the terms of the lease which specifically provided for right of reentry upon failure to make timely rent payments. Additionally, the plaintiff presented evidence of pending negotiations to relet the premises at a higher rental rate but that such negotiations were being held up by the pending litigation. In light of the facts and circumstances involved, there was no denial of substantial justice by refusing to vacate the default order.

■ As correctly noted by the defendant, the existence of a meritorious defense is one consideration in determining whether to vacate a default judgment. (See *Adkins*, 48 Ill. 2d 402, 270 N.E.2d 841; *Widicus*, 26 Ill. App. 2d 102, 167 N.E.2d 799.) The defendant claims that the long-standing principle that "equity abhors forfeiture" in conjunction with the nature of the lease involved and the expenditure of substantial money for construction of building warrants a trial on the merits with respect to the issue of possession of the leased premises.

As earlier stated, we find defendant's alleged defense without merit. The unambiguous terms in the lease provided for a forfeiture upon nonpayment of rent. The lease further provided for removal of any improvements prior to surrendering possession. Where possession is asserted solely by reason of nonpayment of rent, the crucial and decisive issue before the court is whether rent is due and owing. (*Hareas v. Kyriakopoulos* (1981), 101 Ill. App. 3d 393, 395, 428 N.E.2d 500, 502, citing *Jack Spring, Inc. v. Little* (1972), 50 Ill. 2d 351, 280 N.E.2d 208; see also *Rodriguez v. Owaynat* (1985), 137 Ill. App. 3d 1017, 485 N.E.2d 438.) Factors such as the length of time defendants have operated business on the premises and funds expended by defendant in improving the premises are not germane to the issue of

possession unless being asserted as a setoff. (*Hareas*, 101 Ill. App. 3d 393, 428 N.E.2d 500.) The defendant herein clearly admitted that rent was due and owing. Defendant did not claim entitlement to a setoff for improvements on the leased premises. Under the express terms of the lease, by failing to pay rent in a timely fashion, the defendant gave up right to possession.

Although a trial court's equitable powers allow it to prevent a forfeiture of a lease, a balance of equities in the case at hand is not such that forfeiture was inappropriate. *McArdle v. Courson* (1980), 82 Ill. App. 3d 123, 402 N.E.2d 292.

Based on the foregoing, the order of the circuit court of Mason County is affirmed.

Affirmed.

LUND and SPITZ, JJ., concur.